**SHEREE D. WRIGHT** (AZ SBN# 035265)
IBF Law Group, PLLC
3101 N. Central Ave, Suite 1250
Phoenix, Arizona 85012
Telephone: (602) 833-1110
Facsimile: (602) 800-5701
E-Mail: sheree@ibflaw.com

**CORTNEY E. WALTERS** (*pro hac vice* pending)
The Law Office of Cortney E. Walters, PLLC
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020
Telephone: (954) 874-8022
Facsimile: (954) 889-3747
E-Mail: cwalters@cewlawoffice.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe, an individual, | Case No.: |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY** |
| Suns Legacy Partners, LLC, an Arizona Limited Liability Company; John Doe 1-5; Jane Does 1-5; Black Corporations 1-5; and White Partnerships 1-5, | |
| Defendant, | |

Plaintiff Jane Doe (hereinafter "Plaintiff or "Jane Doe"), by and through her undersigned counsels, respectfully moves this Court for leave to proceed anonymously in the above-captioned matter. In support of this motion, Plaintiff states as follows:

## INTRODUCTION

1. This case involves highly sensitive and personal matters, including claims of

discrimination, sexual harassment, and retaliation in violation of 42 U.S.C. § 1981

2. Plaintiff seeks to proceed under the pseudonym "Jane Doe" to protect her privacy and prevent further harm arising from the disclosure of her identity.

3. Courts have recognized that plaintiffs may be permitted to proceed anonymously when their claims involve sensitive matters that could subject them to harassment, stigma, or retaliatory harm.

4. Additionally, Plaintiff does not want media attention and the public scrutiny that often follows women who speak out against powerful men and companies.

## **LEGAL STANDARD**

5. Federal courts generally disfavor anonymity in legal proceedings; however, courts may grant leave to proceed pseudonymously when the plaintiff's privacy concerns outweigh the public's interest in disclosure. See *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).

6. Furthermore, the Ninth Circuit has held that courts may allow pseudonymous pleading when plaintiffs "reasonably fear retaliation and the public disclosure of their identities risks stigmatization or serious harm." *Doe v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

7. Factors considered by courts in determining whether to allow anonymity include:

- Whether the litigation involves matters that are highly sensitive and of a personal nature,
- Whether identification poses a risk of retaliatory physical or mental harm to the …party [seeking to proceed anonymously],

- Whether identification presents other harms and the likely severity of those harms,
- Whether the suit is challenging the actions of the government or that of private parties,
- Whether identification would deter the plaintiff from pursuing the litigation,
- Whether the defendant would be prejudiced by anonymity,
- Whether there is a strong public interest in disclosure.

## ARGUMENTS

### I. Plaintiff's Claims Involve Highly Sensitive and Personal Matters

8. Plaintiff's claims include allegations of sexual harassment and workplace retaliation that, if litigated publicly under her name, could lead to reputational harm and emotional distress, including loss of professional standing.

9. The misconduct alleged includes not only sexual harassment, but conduct amounting to coercive advances by a high-ranking executive with influence over Plaintiff's career, making disclosure particularly harmful and invasive.

10. Plaintiff's identity is not essential to the public's understanding of the issues in this case, and Defendant is already aware of her identity from prior administrative proceedings.

11. Courts routinely grant anonymity in cases involving such matters to protect plaintiffs from further distress and reputational harm. See *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011).

### II. Plaintiff Faces a Risk of Retaliation, Reputational Harm, and Media Scrutiny

12. Given the nature of the allegations and the professional industry in which Plaintiff

works, disclosure of her identity would expose her to potential retaliation, including damage to her career and professional reputation.

13. Plaintiff has already experienced adverse employment actions and fears further harm.

14. Moreover, Plaintiff seeks to avoid the media attention and public dragging that often follows women who speak out against powerful men and corporations.

15. The risk of public scrutiny and backlash is significant, further justifying the need for anonymity. See *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (noting that courts may grant anonymity where disclosure would expose a plaintiff to severe harm).

### III. The Public Interest in Disclosure is Outweighed by Plaintiff's Privacy Interests

16. While the public has a general interest in open judicial proceedings, this interest does not outweigh Plaintiff's right to privacy in a case involving sexual harassment and discrimination.

17. Courts have held that protecting victims of such misconduct serves the greater public interest by encouraging individuals to report unlawful conduct without fear of exposure. See *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997).

### IV. Defendant Will Not Be Prejudiced by Plaintiff Proceeding Anonymously

18. Allowing Plaintiff to proceed under a pseudonym will not prejudice Defendant's ability to defend against the claims.

19. Defendant is already privy to Plaintiff's identity through her EEOC complaint, which is not open to the general public and is only accessible through a portal for the involved parties.

20. Thus, Plaintiff has already disclosed her identity to Defendant ensuring Defendant's right to a fair defense while maintaining Plaintiff's privacy and not allowing her identity to be known to the general public.

## CONCLUSION

21. For the foregoing reasons, Plaintiff respectfully requests that this Court grant her leave to proceed under the pseudonym "Jane Doe" and allow appropriate protective measures to safeguard her identity

**EXECUTED** this 18th day of April 2025.

**IBF LAW GROUP, PLLC**

By: /s/ *Sheree D. Wright*
3101 N. Central Ave, Suite 1250
Phoenix, Arizona 85012
Telephone: (602) 833-1110
Facsimile: (602) 800-5701
e-Mail: sheree@ibflaw.com

**THE LAW OFFICE OF CORTNEY E. WALTERS, PLLC**

Cortney E. Walters
By: /s/ *Cortney E. Walters*
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020
Telephone: (954) 874-8022
Facsimile: (954) 889-3747
cwalters@cewlawoffice.com

*Attorneys for Plaintiff(s)*