Eric Amdursky (*pro hac vice pending*)
Damali A. Taylor (*pro hac vice pending*)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025-7019
Telephone: (650) 473-2600
eamdursky@omm.com
dtaylor@omm.com

Leah S. Freed, SBN 021332
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: (602) 778-3700
Facsimile: (602) 778-3750
Leah.freed@ogletree.com

*Attorneys for Defendant*
*Suns Legacy Partners, L.L.C.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jane Doe,<br><br>    Plaintiff,<br><br>v.<br><br>Suns Legacy Partners, L.L.C., et al.,<br><br>    Defendants. | No. 2:25-cv-01295-PHX-GMS<br><br>**DEFENDANT SUNS LEGACY PARTNERS, L.L.C.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY** |

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ............................................................................................................ 1
II.  SUMMARY OF ALLEGATIONS ................................................................................. 2
III. LEGAL STANDARD ..................................................................................................... 3
IV.  ARGUMENT .................................................................................................................. 4
     A.  Identification of Plaintiff Poses No Risk of Retaliatory Harm. ...................... 5
     B.  Plaintiff's Allegations Are Not of a Sensitive or Personal Nature. ................. 8
     C.  Plaintiff Is Not Compelled to Admit Her Intention to Engage in Illegal Conduct, Thereby Risking Criminal Prosecution. ......................................... 11
     D.  Defendant Is Prejudiced by Allowing Plaintiff to Proceed Anonymously. . 11
     E.  The Public Interest in the Litigation Is Furthered by Disclosure. ................. 12
V.   CONCLUSION ............................................................................................................. 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Doe v. Bell Atlantic Business Sys. Servs., Inc.*,
162 F.R.D. 418 (D. Mass. 1995) ............................................................................................. 13

*Doe v. Blue Cross & Blue Shield United*,
112 F.3d 869 (7th Cir. 1997) .................................................................................................. 14

*Doe v. College of New Jersey*,
2020 WL 3604094 (D.N.J. July 2, 2020) ......................................................................... 6, 9, 10

*Doe v. Commonwealth's Attorney for City of Richmond*,
403 F. Supp. 1199 (E.D. Va. 1975) ........................................................................................ 11

*Doe v. Frank*,
951 F.2d 320 (11th Cir. 1992) ................................................................................ 7, 8, 13, 14

*Doe v. Hallock*,
119 F.R.D. 640 (S.D. Miss. 1987) .......................................................................................... 13

*Doe v. Indiana Black Expo, Inc.*,
923 F. Supp. 137 (S.D. Ind. 1996) .......................................................................................... 12

*Doe v. Juan Gonzales Agency Corp.*,
2022 WL 3100669 (S.D.N.Y. Aug. 4, 2022) ...................................................................... 12, 13

*Doe v. Megless*,
654 F.3d 404 (3d Cir. 2011) .................................................................................................... 10

*Doe v. Moreland*,
2019 WL 2336435 (D.D.C. Feb. 21, 2019) .............................................................................. 7

*Doe v. Shakur*,
164 F.R.D. 359 (S.D.N.Y. 1996) ............................................................................................ 13

*Doe v. Skyline Automobiles Inc.*,
375 F. Supp. 3d 401 (S.D.N.Y. 2019) .............................................................................. *passim*

*Doe v. Townes*,
2020 WL 2395159 (S.D.N.Y. May 12, 2020) ....................................................................... 5, 9

*Doe v. United States DOJ DEA*,
2023 WL 7165523 (Oct. 31, 2023) ...................................................................................... 9, 12

*Does I thru XXIII v. Advanced Textile Corp.*,
214 F.3d 1058 (9th Cir. 2000) ......................................................................................... *passim*

*F.B. v. East Stroudsburg Univ.*,
2009 WL 2003363 (M.D. Pa. July 7, 2009) .......................................................................... 6, 9

# TABLE OF AUTHORITIES
### (continued)

Page(s)

*Roe v. Bernabei & Wachtel PLLC*,
   85 F. Supp. 3d 89 (D.D.C. 2015) ........................................................................................ 8

*Roe v. Skillz, Inc.*,
   858 F. App'x 240 (9th Cir. 2021) ........................................................................................ 1

*Sealed Plaintiff v. Sealed Defendants*,
   537 F.3d 185 (2d Cir. 2008) ................................................................................................ 3

*Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffee*,
   599 F.2d 707 (5th Cir. 1979) .................................................................................. 7, 13, 14

*United States v. Stoterau*,
   524 F.3d 988 (9th Cir. 2008) ............................................................................................... 1

**Rules**

Fed. R. Civ. P. 10(a) ................................................................................................................. 3

**I.   INTRODUCTION**

In moving to proceed anonymously, Plaintiff Jane Doe ("Plaintiff") fails to meet her substantial evidentiary burden to overcome the presumption that judicial proceedings are public. Her Complaint asserts a garden-variety employment dispute. Plaintiff alleges discrimination on the basis of race, national origin, and sex; retaliation; constructive discharge; violations of state and federal equal pay acts, intentional infliction of emotional distress; and sexual harassment. The premise of Plaintiff's Motion is that these types of allegations, with nothing more, permit her to sue without using her real name. Settled law is to the contrary. Such employment disputes routinely proceed in public.

Plaintiff's Motion is based entirely on cursory generalizations and lacks any *evidence* supporting her justifications for proceeding under a pseudonym. Plaintiff does not identify more than a generalized concern about her reputation to support her motion. Further, Plaintiff mischaracterizes the authorities on which her Motion is based, which actually demonstrate that Plaintiff's case should not proceed under a pseudonym. Plaintiff further ignores the overwhelming weight of authority militating against the use of a pseudonym for generic employment claims.

Granting Plaintiff's Motion would be tantamount to declaring that any plaintiff asserting claims under Title VII or 42 U.S.C. § 1981 could proceed under a pseudonym because Plaintiff offers no evidence or authorities to distinguish herself from the typical employee-plaintiff. That is not the law. *See, e.g.*, *Roe v. Skillz, Inc.*, 858 F. App'x 240, 241 (9th Cir. 2021) (affirming the denial of plaintiff's motion to proceed under a fictitious name and holding that "this court has made clear that use of a pseudonym should only be permitted occasionally and in 'unusual' cases") (citing *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) ("As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity") (internal quotations omitted)). Accordingly, Plaintiff's Motion must be denied.

## II.     SUMMARY OF ALLEGATIONS

Plaintiff's Motion does not contain any statement of facts, and it does not cite to any declaration or other evidence to support any of its factual assertions. Plaintiff argues for categorical permission to proceed under a pseudonym based on the types of claims alleged alone, rather than making any factual showing regarding the propriety of proceeding anonymously in this case. This is insufficient.

Because no facts are offered in support of the Motion, the following factual assertions are drawn solely from the allegations of the Complaint—assertions that defendant Suns Legacy Partners, L.L.C. ("Defendant") vehemently disputes:

Plaintiff is a former employee of Defendant. Plaintiff alleges she was "forced to resign" her employment on February 5, 2024. (Compl. ¶¶ 11, 58.) Plaintiff claims generally that she "began to endure an increasingly hostile work environment marked by unwelcome verbal and physical conduct of a sexual nature." (*Id.* ¶ 15.) She alleges "repeated concerns about the harassment" (*id.* ¶ 16), "[t]he persistent harassment, marginalization, and lack of support" (*id.* ¶ 59), and that "[t]he harassment Plaintiff endured was unwelcome, severe, and pervasive." (*Id.* ¶ 146.)

The Complaint contains very few factual allegations describing any verbal or physical conduct at all—much less verbal or physical conduct of a sexual nature. Instead, Plaintiff generically alleges isolated and innocuous incidents without specificity, including that:

- A co-worker "frequently referenced that 'he and his wife were getting a divorce,' strongly *implying* that a romantic or sexual relationship with Plaintiff would be welcome and appropriate." (*Id.* ¶ 19, emphasis added.)
- The same co-worker "*insinuated* that a romantic or sexual relationship with him could result in career advancement." (*Id.* ¶ 20.)
- Two co-workers "forced Plaintiff to view a sexually inappropriate image [and] pressured her into discussing it." (*Id.* ¶¶ 30-31.)

- 2 -

OPPOSITION TO MOTION TO
PROCEED ANONYMOUSLY
CASE NO. 2:25-CV-01295-GMS

- Plaintiff was told a Hispanic female candidate was not selected for a position because she "wasn't polished enough"—which Plaintiff alleges is "racially coded language." (*Id.* ¶¶ 48-49.)

The Complaint repeatedly uses generalities in an attempt to make these incidents appear far more egregious than the facts themselves describe. Plaintiff will not be able to sustain her serious legal claims given the dearth of factual allegations. But the sufficiency of Plaintiff's allegations is not at issue in this Motion. What is at issue is whether Plaintiff can proceed under a pseudonym, based on those allegations alone, unsupported by any evidence. The question thus becomes whether allegations about a co-worker telling Plaintiff he was getting a divorce, a discussion by two co-workers about a vaguely-described "inappropriate image," and a statement by a co-worker that a job applicant was "unpolished" are somehow sufficient to permit Plaintiff to sue anonymously. That question answers itself.

### III.  LEGAL STANDARD

Plaintiff's Motion concedes that "[f]ederal courts generally disfavor anonymity in legal proceedings." (Mot. p. 2, citing *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 189 (2d Cir. 2008).) Not only is anonymity "disfavored," it also "runs afoul of the public's common law right of access to judicial proceedings and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (quoting Fed. R. Civ. P. 10(a)). For that reason, parties may be permitted to proceed anonymously only in the "'unusual case'" in which "special circumstances justify secrecy." *Id.* (citations omitted).

Specifically, in moving to proceed anonymously, Plaintiff must show that her "need for anonymity outweighs [the] prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. There are five factors that are relevant to this balancing test, including (1) whether "identification creates a risk of retaliatory physical or mental harm"; (2) whether "anonymity is necessary to preserve privacy in a matter of

1  sensitive and highly personal nature"; (3) whether "the anonymous party is compelled to
2  admit his or her intention to engage in illegal conduct, thereby risking criminal
3  prosecution"; (4) "the precise prejudice at each stage of the proceedings to the opposing
4  party, and whether proceedings may be structured so as to mitigate that prejudice"; and (5)
5  "whether the public's interest in the case would be best served by requiring that the litigants
6  reveal their identities." *Id.* (citations and brackets omitted).

7        Plaintiff fails to satisfy her heavy burden on each of these factors and, thus, cannot
8  establish that an exception to Rule 10's requirement is warranted here, dictating that her
9  Motion be denied.

10 **IV.   ARGUMENT**

11       Plaintiff's Motion does not cite a single decision that grants leave to proceed under
12 a pseudonym with respect to claims similar to those presented here for discrimination,
13 harassment, retaliation, and equal pay act violations.  It is clear why:  every decision to
14 consider the question in similar circumstances has held that the mere allegation of such
15 claims is not a valid reason to proceed under a pseudonym.

16       *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401 (S.D.N.Y. 2019), examined
17 claims that are similar to Plaintiff's and that involved circumstances far more egregious—
18 yet the court denied the plaintiff's motion to proceed under a pseudonym.  In *Skyline*, the
19 plaintiff alleged "graphic and disturbing details of violence and allegations of severe
20 mistreatment" in support of her claims of sexual harassment, sexual abuse, and
21 discrimination. *Id.* at 403. Among other things, "Plaintiff allege[d] that in July of 2013 she
22 was drugged and brutally raped by [an individual defendant]." *Id.* at 404. Nevertheless,
23 the Court concluded that the plaintiff's allegations failed to meet the standard to proceed
24 under a pseudonym. *Id.* at 403.

25       Plaintiff's allegations in this case—i.e., that a co-worker said he was getting a
26 divorce, that she was forced to discuss an allegedly inappropriate image, and that another
27 employee was described as "unpolished" (Compl. ¶¶ 19, 30-31, 48-49)—fall far short of
28

the allegations of being drugged and raped in *Skyline Automobiles*, which were still not enough to proceed under a pseudonym. An analysis of the factors set forth *Advanced Textile* leads to only one conclusion: there is no basis whatsoever for Plaintiff to proceed anonymously.

### A. Identification of Plaintiff Poses No Risk of Retaliatory Harm.

In *Advanced Textile*, the Ninth Circuit held "that in cases where, as here, pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." 214 F.3d at 1068 (internal citations omitted).

*First*, the type of harm that Plaintiff seeks to prevent is not the kind of "severe" harm that justifies proceeding under a pseudonym. Plaintiff argues that "disclosure of her identity would expose her to potential retaliation, including damage to her career and professional reputation." (Mot. pp. 3-4.) "But, the risk of social stigmatization and embarrassment is insufficient to proceed anonymously, and courts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests." *Doe v. Townes*, 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020) (citations and internal quotation marks omitted) (denying plaintiff's motion to proceed anonymously in lawsuit alleging discrimination, hostile work environment, retaliation, and sexual assault).

By contrast, in *Advanced Textile*, the anonymous plaintiffs "filed with the district court evidence of working conditions . . . . [and] [s]ome workers testified that they had been threatened with arrest for filing labor complaints, or that they knew others who had been threatened with arrest for doing so. Numerous workers testified that they fear the Chinese government will arrest them or their family members because they filed a complaint against their employer in Saipan. Plaintiffs also presented evidence that China's state secrets law has been used to prosecute and imprison workers for complaining about their working

conditions abroad." *Id.* at 1064-65.  The Ninth Circuit held that where the plaintiffs "demonstrate that they have an objectively reasonable fear of extraordinarily severe retaliation"—in that case, "that, if their identities are disclosed to defendants and other nonparties to this action, they will be fired from their jobs, deported from Saipan, and arrested and imprisoned by the People's Republic of China"—the plaintiffs can proceed under pseudonyms.  *Id.* at 1062-63.  Plaintiff's assertion of "potential" harm to her reputation is nothing like the specific and demonstrated severe harms that courts have accepted in similar cases and, thus, her generic allegations must be rejected.  *See, e.g.*, *F.B. v. East Stroudsburg Univ.*, 2009 WL 2003363, at *3 (M.D. Pa. July 7, 2009) ("Plaintiffs do not allege that they will be physically harmed, deported or arrested if they are named.  At most, they allege that they will be embarrassed and humiliated.  We find that such harm is not sufficient to justify allowing them to proceed anonymously."); *Doe v. College of New Jersey*, 2020 WL 3604094, at *4 (D.N.J. July 2, 2020) ("Plaintiff's personal circumstance is not exceptional such that this factor weighs in favor of anonymity.  Indeed, hundreds of employment suits are brought each year in this Court by alleged victims to vindicate their rights.  In each of those cases, the plaintiff may face certain risks unique to him/her by litigating in court.  Unless those risks rise to a level where extraordinary harm to plaintiff would occur, the public has the inherent interest in accessing the identity of the parties.  In fact, the potential harms Plaintiff has identified are attendant to most employment discrimination cases.").

 *Second*, Plaintiff fails to submit evidence regarding the reasonableness of her fears of harm and demonstrate "the reasonableness of the anonymous party's fears." *Advanced Textile*, 214 F.3d at 1068.  To prove objectively reasonable fears, "[w]hat is relevant is that plaintiffs were threatened, and that a reasonable person would believe that the threat might actually be carried out." *Id.* at 1071.  Plaintiff does not assert any such threat.  She asserts a mere possibility of unspecified retaliation, unsupported by any evidence.  Courts "have held that speculative claims of physical or mental harms are insufficient to bolster a request

for anonymity." *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406; *see also Doe v. Moreland*, 2019 WL 2336435, at *2 (D.D.C. Feb. 21, 2019) ("there is simply no basis in the record for the Court to conclude that there is a genuine risk of 'retaliatory physical or mental harm' to Plaintiff, such that use of a pseudonym would be appropriate. . . . [H]is claim of psychological trauma is speculative at best" and "fears of embarrassment or vague, unsubstantiated fears of retaliatory actions by higher-ups do not permit a plaintiff to proceed under a pseudonym") (citation and internal quotation marks omitted).

*Third*, Plaintiff is not vulnerable to retaliation. As applied in the caselaw, this inquiry primarily relates to the vulnerability of children who are plaintiffs, as well as certain other classes of plaintiffs such as long-term prison inmates. *See Advanced Textile*, 214 F.3d at 1068. But adult plaintiffs in sexual harassment and discrimination actions are not particularly vulnerable. *See Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406 (holding that adult plaintiff in sexual harassment and discrimination lawsuit was not particularly vulnerable to harm); *see also Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffee*, 599 F.2d 707, 713 (5th Cir. 1979) (holding that unnamed plaintiffs "face no greater threat of retaliation than the typical plaintiff alleging Title VII violations, including the other women who, under their real names and not anonymously, have filed sex discrimination suits").

Instead of addressing the three elements of harm set forth by the Ninth Circuit in *Advanced Textile*, Plaintiff cites *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992), which she asserts stands for the proposition that "courts may grant anonymity where disclosure would expose a plaintiff to severe harm." (Mot. pp. 3-4.) *Frank*, similar to here, is a Title VII case—but it affirms the *denial* of the plaintiff's motion to proceed under a fictitious name. *Frank* begins by explaining that "Rule 10(a) requires a plaintiff to include the names of all parties in a complaint" and that "[t]his rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* at 322. "Lawsuits are public events. A plaintiff

OPPOSITION TO MOTION TO
PROCEED ANONYMOUSLY
CASE NO. 2:25-CV-01295-GMS

1  should be permitted to proceed anonymously only in those exceptional cases involving
2  matters of a highly sensitive and personal nature, real danger of physical harm, or where
3  the injury litigated against would be incurred as a result of the disclosure of the plaintiff's
4  identity. The risk that a plaintiff may suffer some embarrassment is not enough." *Id*. at
5  324. The court held that the plaintiff's allegations of discrimination and retaliation in that
6  case did "not present such an unusual situation in which the need for party anonymity
7  outweighs the presumption of openness." *Id*.

8      The same result follows here. Nothing about Plaintiff's allegations suggests "such
9  an unusual situation" that she needs to proceed under a pseudonym. *Id*. Indeed, Plaintiff's
10 Motion does not contend there is *anything* unusual about this case. Plaintiff's assertion that
11 disclosure of her identity would expose her to "potential retaliation, including damage to
12 her career and professional reputation" (Mot. p. 3), is a far cry from "real danger" of
13 physical or mental harm. *Frank*, 951 F.2d at 324; *see also Skyline Automobiles*, 375 F.
14 Supp. 3d at 406 ("Plaintiff submits no evidence of continued harm, nor any evidence of the
15 severity or likelihood of retaliation or any physical or mental harm. Plaintiff simply projects
16 generalized harm, and more is required for her to satisfy her burden. Thus, the [factors
17 relating to harm] weigh against granting Plaintiff's Motion.").

18     **B.    Plaintiff's Allegations Are Not of a Sensitive or Personal Nature.**

19     *Advanced Textile* dealt with FLSA claims that were not of a sensitive or personal
20 nature, and had no occasion to consider the sensitivity of sexual harassment and
21 discrimination allegations. Nevertheless, courts that have considered this question
22 consistently hold that "[s]exual harassment is not typically considered a matter so highly
23 personal as to warrant proceeding by pseudonym." *Roe v. Bernabei & Wachtel PLLC*, 85
24 F. Supp. 3d 89, 96 (D.D.C. 2015). In *Roe v. Bernabei*, the plaintiff alleged that "[s]he was
25 sexually harassed by a supervisor on or about September 6, 2012, and managed to record
26 the interaction—in which the supervisor aggressively moved towards her and touched her
27 inappropriately—using her iPhone's video camera, which was hidden in her purse."
28

*Id.* at 93. The court held that the allegation was insufficient: "Personal embarrassment is normally not a sufficient basis for permitting anonymous litigation." *Id.* at 96; *see also College of New Jersey*, 2020 WL 3604094, at *4 ("Indeed, hundreds of employment suits are brought each year in this Court by alleged victims to vindicate their rights. In each of those cases, the plaintiff may face certain risks unique to him/her by litigating in court. ***Unless those risks rise to a level where extraordinary harm to plaintiff would occur, the public has the inherent interest in accessing the identity of the parties***. In fact, the potential harms Plaintiff has identified are attendant to most employment discrimination cases.") (emphasis added); *Townes*, 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020) ("Allowing Plaintiff to proceed anonymously for these reasons would be to hold that nearly any plaintiff alleging sexual harassment and assault could proceed anonymously. Despite sympathizing with Plaintiff, the Court declines to reach such a blanket holding."); *F.B. v. East Stroudsburg Univ.*, 2009 WL 2003363, at *3 (M.D. Pa. July 7, 2009) ("Finding that these allegations are a valid reason to permit a plaintiff to proceed with a pseudonym would open up the court to requests for anonymity each time a plaintiff makes allegations of sexual harassment.").

By contrast, in *Skyline Automobiles*, the court held that the plaintiff's allegations "that she was drugged by a co-worker, sexually assaulted while unconscious, and subjected to ridicule and sexual harassment following the incident . . . are highly sensitive and of an extremely personal nature to the Plaintiff." 375 F. Supp. 3d at 405-06. Nevertheless, the court in that case ultimately denied the plaintiff's motion to proceed anonymously because "the first factor itself is not dispositive" and the other factors weighed against the motion. *Id.* at 406; *see also Doe v. United States DOJ DEA*, 2023 WL 7165523, at *2 (Oct. 31, 2023) (denying Title VII plaintiff's motion to proceed under a pseudonym, and noting that "[c]ourts have denied leave to proceed pseudonymously in cases involving far more sensitive alleged sexual activity or misconduct.").

Taken together, these decisions make clear that ordinary embarrassment associated with claims of discrimination and harassment is not of a "sensitive and personal" nature for which anonymity may be required. Such anonymity is only reserved for special circumstances, such as rape, abortion, or AIDS. Plaintiff alleges no such special circumstances here. Plaintiff's vague and ambiguous allegations of purportedly harassing comments and an unidentified image do not remotely compare to the more specific and severe allegations at issue in *Bernabei & Wachtel* (where plaintiff alleged inappropriate touching) and *Skyline Automobiles* (where plaintiff alleged that she was drugged and raped). Like in *College of New Jersey*, "[a]ll that Plaintiff has pointed to is her fear that her professional reputation would potentially be impaired by bringing this suit." 2020 WL 3604094, at *4. That is not enough. *Id.*

In sole support of her contrary argument, Plaintiff cites *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011), which she asserts stands for the proposition that "[c]ourts routinely grant anonymity in cases involving such matters to protect plaintiffs from further distress and reputational harm." (Mot. p. 3.) *Megless* is directly to the contrary. It holds: "That a plaintiff may suffer embarrassment or economic harm is not enough." 654 F.3d at 408. Accordingly, the *Megless* court affirmed the denial of plaintiff's motion to proceed under a pseudonym because his fears of embarrassment and social stigma were insufficient to overcome "the thumb on the scale that is the universal interest in favor of open judicial proceedings." *Id.* at 411. Contrary to Plaintiff's assertion, *Megless* never says that such motions are "routinely granted," which they are not. Instead, it provides "[e]xamples of areas where courts have allowed pseudonyms," including in "cases involving abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Id.* at 408 (citation and internal quotation marks omitted). Noticeably absent from that list is run-of-the-mill discrimination and harassment cases, like Plaintiff asserts here.

### C. Plaintiff Is Not Compelled to Admit Her Intention to Engage in Illegal Conduct, Thereby Risking Criminal Prosecution.

Plaintiff does not address this factor, either in her Complaint or her Motion. That is because she would not be compelled to admit engaging in illegal conduct here. *See Advanced Textile*, 214 F.3d at 1068 (citing *Doe v. Commonwealth's Attorney for City of Richmond*, 403 F. Supp. 1199 (E.D. Va. 1975) (discussing plaintiff's constitutional challenge of criminal statute prohibiting sodomy and allegations of standing required plaintiff to admit intention to engage in that prohibited conduct). Accordingly, this factor plainly does not support anonymity here.

### D. Defendant Is Prejudiced by Allowing Plaintiff to Proceed Anonymously.

Plaintiff baldly asserts that Defendant would not be prejudiced by granting her Motion, without citing a single judicial decision dealing with that issue. (Mot. pp. 4-5.)

"Courts have identified prejudice against a defendant when a defendant is required to defend itself publicly before a jury while plaintiff could make her accusations from behind a cloak of anonymity." *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 407 (internal citations and quotations marks omitted). In that case, the defendants argued that "allowing Plaintiff to proceed anonymously will deter witness testimony, frustrate defendants' ability to cross-examine, hinder settlement negotiations, and improperly influence the jury." *Id.* (citation and internal quotation marks omitted). The court agreed, holding: "Allowing Plaintiff to proceed anonymously would disadvantage Defendants at all stages of litigation, including settlement, discovery, and trial. Plaintiff's anonymity would make it more difficult to obtain witnesses and witness testimony, Defendants would have less leverage in settlement negotiations, and Defendants would not be able to fully and adequately cross-examine the Plaintiff." Thus, the court held that the sixth factor "weighs in favor of Defendants." *Id.*

All of those reasons are equally applicable here. Preventing Defendant from freely disclosing Plaintiff's identity will make it difficult or even impossible to fully investigate

and obtain evidence of her claims. How can Defendant ask potential witnesses if they have knowledge of Plaintiff's allegations if it cannot inform those witnesses who Plaintiff is? Plaintiff offers no answer to this question. How can Defendant fully cross-examine Plaintiff without being able to obtain such information from potential witnesses? Plaintiff offers no answer to this question.

Plaintiff's only argument regarding prejudice is that "Defendant is already privy to Plaintiff's identity." (Mot. pp. 4-5.) Courts have rejected that argument because it misses the point: even though Defendant knows Plaintiff's identity, it will be disadvantaged at all stages of litigation if it is prevented from disclosing Plaintiff's identity to others. *See Doe v. Juan Gonzales Agency Corp.*, 2022 WL 3100669, at *4 (S.D.N.Y. Aug. 4, 2022) ("Plaintiff's sole argument as to this factor is that Defendants will not be prejudiced because they already know her identity and are thus able to defend themselves adequately. However, as Defendants respond, they will be prejudiced in their ability to call third-party witnesses and to take this case through to trial."); *United States DOJ DEA*, 2023 WL 7165523, at *3 ("[M]ere knowledge of Plaintiff's identity does not cure Defendants' potential prejudice."). Thus, the sixth factor weighs in favor of public disclosure.

### E. The Public Interest in the Litigation Is Furthered by Disclosure.

Courts uniformly hold that the public has a strong interest in the disclosure of the identities of the parties in cases like this one: "Plaintiff alleges that she was sexually assaulted, sexually harassed, and subject to sexual and racial discrimination. These issues are of the type that further the public's interest in enforcing legal and social norms." *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408 (citation and internal quotation marks omitted). "[T]he public interest in sexual assault and discrimination is very high. Thus, due to the nature of the case, the . . . factor weigh[s] against allowing the Plaintiff to proceed anonymously." *Id.*; *see also Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 142-43 (S.D. Ind. 1996) ("The concerns this plaintiff has raised are concerns that could be raised by plaintiffs in many employment discrimination cases. . . . This court's conclusion that this

1    plaintiff should not be permitted to assert these claims under a fictitious name is consistent
2    with decisions of other courts considering employment discrimination and other similar
3    claims.") (citing *Frank*, 951 F.2d at 323-24 (plaintiff could not proceed anonymously in
4    Rehabilitation Act case alleging disability based on alcohol abuse); *Southern Methodist*
5    *Univ. Ass'n*, 599 F.2d at 712-13 (female law students could not proceed anonymously in
6    Title VII action alleging sex discrimination in hiring associates and summer clerks); *Doe v.*
7    *Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (victim of sexual assault could not proceed
8    anonymously in action for damages); *Doe v. Bell Atlantic Business Sys. Servs., Inc.*, 162
9    F.R.D. 418, 422 (D. Mass. 1995) (plaintiff could not proceed anonymously in Title VII and
10   state law action for sexual harassment); *Doe v. Hallock*, 119 F.R.D. 640, 644 (S.D. Miss.
11   1987) (same)).

12          In considering the public interest, it is significant that Plaintiff's allegations that she
13   suffered sexual harassment and discrimination are not "purely" legal issues—they are based
14   on factual assertions that Defendants vehemently dispute.  "Where the litigation involves,
15   not abstract challenges to public policies, but rather . . . particular actions and incidents,
16   open proceedings nevertheless benefit the public as well as the parties and also serve the
17   judicial interest in accurate fact-finding and fair adjudication."  *Skyline Automobiles, Inc.*,
18   375 F. Supp. 3d at 408 (citation and internal quotation marks omitted).  "Here, there are no
19   abstract questions of law at issue. Rather, Plaintiff alleges that she was sexually assaulted,
20   sexually harassed, and subject to sexual and racial discrimination."  *Id.*; *see also Juan*
21   *Gonzales Agency Corp.*, 2022 WL 3100669, at *5 ( "The issues in this [sexual harassment
22   and discrimination] case are not legally abstract and are almost entirely factual.").  Thus,
23   this "factor weigh[s] against allowing the Plaintiff to proceed anonymously."  *Skyline*
24   *Automobiles, Inc.*, 375 F. Supp. 3d at 408.

25          Additionally, courts more liberally permit plaintiffs to proceed anonymously in suits
26   against the government because:

27          While such suits involve no injury to the Government's "reputation," the mere
28

>   filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm . . . . Basic fairness dictates that those among the [private] defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names.

*Frank*, 951 F.2d at 323-24 (quoting *Southern Methodist*, 599 F.2d at 713); *see also Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406 ("[T]he Defendants in this case are all private parties. Defendants have a substantial interest in maintaining their good name and reputation, particularly in light of the allegations in Plaintiff's Complaint. Therefore, [this factor] weighs in favor of denying anonymity.") (citations omitted).

Without considering any of these issues, Plaintiff argues that "in a case involving sexual harassment and discrimination . . . [c]ourts have held that protecting victims of such misconduct serves the greater public interest," for which Plaintiff cites *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). (Mot. p. 4.) Plaintiff is wrong. *Blue Cross* is entirely inapposite—it is an ERISA case seeking benefits for "psychiatric treatment" under an employee welfare plan, not a case involving sexual harassment and discrimination. *Id.* at 872. There, the plaintiff's motion to proceed under a fictitious name "was not opposed, and the district court granted it without comment." *Id.* The Court of Appeals, *sua sponte*, held that "we would be remiss if we failed to point out that the privilege of suing or defending under a fictious name should not be granted automatically even if the opposing party does not object." *Id.* "The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Id.* As applied there, "the fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems," and instead of anonymous treatment, "the judge could require that [Doe's psychiatric records] be placed under seal." *Id.* Nothing in *Blue Cross*

supports Plaintiff's assertion that there is no public interest in the identity of plaintiffs in sexual harassment and discrimination cases. Instead, as the cases to consider that question consistently hold, the public does have a strong interest in public disclosure of the parties' identities.

## V. CONCLUSION

This is not a close case. It is not necessary for all of the factors to point the same direction—a balancing of them will do—but, in this case, all of the factors weigh in favor of public disclosure. Plaintiff's cursory arguments cite caselaw that is directly contrary to the propositions for which Plaintiff cites them. Plaintiff's Motion is unsupported by any evidence. Uniform caselaw requires plaintiffs in employment cases, like this one, to be publicly identified. Plaintiff's contrary assertion is not supported by existing authority or any good faith argument for changing the law. Thus, Plaintiff's Motion must be denied.

DATED this 29th day of May, 2025.

**O'MELVENY & MYERS LLP**

By: */s/ Eric Amdursky*
Eric Amdursky (*pro hac vice pending*)
Damali A. Taylor (*pro hac vice pending*)
2765 Sand Hill Road
Menlo Park, CA 94025-7019
Telephone: (650) 473-2600
eamdursky@omm.com
dtaylor@omm.com

**OGLETREE, DEAKINS, NASH SMOAK & STEWART, P.C.**

Leah S. Freed, SBN 021332
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: (602) 778-3700
Facsimile: (602) 778-3750
Leah.freed@ogletree.com

*Attorneys for Defendant*