**SHEREE D. WRIGHT (**AZ SBN# 035265)
IBF Law Group, PLLC
3101 N. Central Ave, Suite 1250
Phoenix, Arizona 85012
Telephone: (602) 833-1110
Facsimile: (602) 800-5701
E-Mail: sheree@ibflaw.com

**CORTNEY E. WALTERS** (*admitted pro hac vice*)
The Law Office of Cortney E. Walters, PLLC
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020
Telephone: (954) 874-8022
Facsimile: (954) 889-3747
E-Mail: cwalters@cewlawoffice.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe,<br><br>Plaintiff,<br><br>vs.<br><br>Suns Legacy Partners, LLC, et al.<br><br>Defendants, | Case No.: 2:25-cv-01295-PHX-GMS<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**<br><br>**Assigned to the Hon. G. Murray Snow** |

- 1 -

**TABLE OF CONTENTS**

**Page**

**INTRODUCTION** …………………………………………………..……………..5
**PRELIMINARY STATEMENT**……………………………………...……….......5
**ARGUMENTS** …………………………………………………………...............6
      I.  Plaintiff's Allegations Involve Sensitive and Retaliation-Prone Subject Matter Warranting Anonymous Pleading Under Established Legal Standards ……………………………………………….……………6
      II. Plaintiff's Claims Involve Highly Sensitive Matters That Warrant Anonymity Under Precedent and Contextual Application of Advanced Textile…………………………………………..……….7
            A. Advanced Textile Does Not Limit Pseudonymity to Physical Abuse or Medical Conditions……………………..……..7
            B. Defendant's Reliance on Out-of-Circuit Authorities Is Misplaced……………………………………….…..….8
            C. Severity Threshold Is Not Required For Sensitive Claims………....9
            D. Plaintiff's Career and Reputational Concerns Are Legitimate and Serious……………………………………...…9
            E. The Litigation Involves Highly Sensitive and Personal Matters….10
      III. The "Illegal Conduct" Factor Is Wholly Irrelevant To This Case And Does Not Undermine Plaintiff's Right to Anonymity………………10
      IV. Defendant Faces No Legitimiate Prejudice Where They Already Know Plaintiff's Identity And May Use It Freely In Discovery …………………………………………………...11
      V. The Public Interest Is Not Displaced By Plaintiff's Narrow Request for Anonymity In A Sensitive Discrimination Case…………………………12

**CONCLUSION**……………………………………..…………………….…….....15

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Page(s)**

*Arizona Student Doe 2 v. Trump*
    4:25-cv-00175, (D. Ariz.)I………………………………………………………..10

*Doe v. Alger,*
    317 F.R.D. 37, 42 (W.D. Va. 2016) ……………………………………………13

*Doe v. Amazon.com, Inc.,*
    2023 WL 3568691, at 3–4 (W.D. Wash. May 19, 2023)………………..7, 9, 11, 12

*Doe v. Bell Atl. Bus. Sys. Servs., Inc.*,
    162 F.R.D. 418, 422 (D. Mass. 1995)……………………………………………12

*Doe v. Cabrera*,
    307 F.R.D. 1, 7 (D.D.C. 2014)……………………………………………………12

*Doe v. Colgate Univ.*,
    2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016)……………………………..13

*Doe v. Columbia Univ.*,
    101 F. Supp. 3d 356, 361 (S.D.N.Y. 2015)………………………………………11

*Doe v. Commonwealth's Attorney*,
    403 F. Supp. 1199 (E.D. Va. 1975)………………………………………………10

*Doe v. George Washington Univ.*,
    369 F. Supp. 3d 49, 66 (D.D.C. 2019)……………………………………………11

*Doe v. Hobart & William Smith Colleges*,
    2021 WL 392929, at *3 (W.D.N.Y. Feb. 4, 2021)………………………………15

*Doe v. Juan Gonzales Agency Corp.*,
    2022 WL 3100669 (S.D.N.Y. Aug. 4, 2022)……………………………………..13

*Doe v. Maricopa County Community College District*,
    2017 WL 4460441, at *2 (D. Ariz. Oct. 5, 2017)……………………………13, 15

Doe v. Megless,
    654 F.3d 404 (3d Cir. 2011)………………………………………………..8, 12, 13

*Doe v. Northrop Grumman Sys. Corp.*,
    2022 WL 3447983, at *4 (E.D. Va. Aug. 17, 2022)………………………………15

*Doe v. Penzato*,
    2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011)…………………………12, 13

*Doe v. Purdue Univ.*,
    928 F.3d 652, 657 n.1 (7th Cir. 2019)……………………………………………12

*Doe v. Rose*,
    2016 WL 9137645, at *3* (C.D. Cal. July 25, 2016)………………………………...6

*Doe v. Skyline Automobiles Inc.***,**
    375 F. Supp. 3d 401 (S.D.N.Y. 2019)……………………………………6, 9, 11, 13

*Doe v. Stegall*,
    653 F.2d 180, 186 (5th Cir. 1981)………………………………………………..11

*Doe v. Superior Court*,
     5 Cal. App. 5th 1069, 1091 (2016)……………………………………………11
*Doe v. Townes*,
     No. 19 Civ. 8034, 2020 WL 2395159 (S.D.N.Y. May 12, 2020)…………………6
*Doe v. UNUM Life Ins. Co. of America*,
     164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016)……………………………………11
*Doe v. Washington Univ.*,
     2023 WL 1863164, at *3 (E.D. Mo. Feb. 9, 2023)………………………………10
*Does I thru XXIII v. Advanced Textile Corp.*
     214 F.3d 1058 (9th Cir. 2000)………………………………………………*passim*
*Roe v. Bernabei & Wachtel*
     85 F. Supp. 3d 89 (D.D.C. 2015)…………………………………………………7
*Sealed Plaintiff v. Sealed Defendant*
     537 F.3d 185, 189–90 (2d Cir. 2008)……………………………………………14
*Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffee,*
     599 F.2d 707 (5th Cir. 1979)……………………………………………………14

**Statutes**

42 U.S.C. § 1981……………………………………………………………………14

**INTRODUCTION**

This case arises from a pattern of workplace misconduct including sexual harassment, national origin discrimination, retaliation, and constructive discharge which were perpetrated and enabled by senior executives at Defendant's organization. Plaintiff, a high-level Latina marketing professional, was subjected to sexually suggestive conduct, excluded from recognition, and ultimately forced to resign under intolerable conditions.

Plaintiff seeks to proceed anonymously not to conceal facts but to protect herself from reputational and professional harm that Defendant now seeks to exacerbate. Defendant's Opposition mischaracterizes the allegations and the governing Ninth Circuit standard. Defendant's tone throughout its opposition and prior correspondence only reinforces Plaintiff's concerns. Accusations that Plaintiff fabricated facts to "grab headlines," claims of bad faith, and attacks on counsel are personal intimidation tactics, increasing the need for anonymity to prevent further retaliation and reputational harm.

Far from secret, Plaintiff's claims are already receiving public and media scrutiny, which heightens the risk that public identification will deter Plaintiff and others from seeking justice. As *Advanced Textile* warned, forcing plaintiffs to reveal their names deters similarly situated individuals from protecting their rights. Plaintiff's allegations also expose an institutional failure to address sexual misconduct and retaliation. Anonymity is thus essential to safeguard both Plaintiff and the judicial process.

**PRELIMINARY STATEMENT**

Plaintiff brings this lawsuit based on coercive sexual conduct, discrimination, and retaliation at Defendant's workplace. A senior executive implied that her career advancement depended on accepting unwelcome advances establishing a quid-pro-quo environment. When she refused, she was ostracized, publicly reprimanded, and denied

additional career opportunities, which eventually forced her to resign. Due to the deeply personal, sensitive nature of these allegations, including coercive sexual conduct and pervasive discrimination, Plaintiff filed under a pseudonym. Defendant and their counsel have been aware of Plaintiff's identity and have had access to relevant documents since the EEOC complaint was filed; thus, permitting anonymity causes no prejudice.

Defendant failed to act on Plaintiff's complaints, instead reprimanding her, limiting her career, and dismissing her concerns. These actions caused severe psychological and professional harm, with ongoing risks of retaliation and reputational damage. Proceeding anonymously is necessary to protect Plaintiff from further harm and ensure she can pursue justice safely.

## **ARGUMENTS**

**I.      Plaintiff's Allegations Involve Sensitive and Retaliation-Prone Subject Matter Warranting Anonymous Pleading Under Established Legal Standards**

Defendant wrongly asserts that allegations of sexual harassment, discrimination, and retaliation cannot justify anonymity. Under Ninth Circuit law, courts routinely allow pseudonymity when plaintiffs face reasonable fears of reputational, professional, or retaliatory harm, especially when the defendant knows the plaintiff's identity.

Plaintiff alleges that a senior executive pressured her into a coercive sexual relationship tied to her career advancement. This "quid pro quo" harassment is highly stigmatizing and damaging, particularly in a male-dominated industry where informal networks influence opportunities. Public disclosure would expose Plaintiff to further professional isolation and reputational harm.

Defendant's cited cases are distinguishable. For instance, *Doe v. Skyline* denied anonymity because the plaintiff had publicly disclosed her identity; here, Plaintiff has not.

*Doe v. Townes* lacked specific retaliation fears, while Plaintiff alleges concrete career harm from prior retaliation. Other cases Defendant relies on apply more restrictive standards inconsistent with Ninth Circuit precedent.

*Advanced Textile* supports anonymity where plaintiffs show a reasonable fear of economic or reputational harm, not just physical threats. Plaintiff meets these factors—severity of harm, reasonableness of fear, and vulnerability—with well-pleaded allegations and corroborating evidence.

Courts have granted anonymity in similar circumstances (see *Doe v. Amazon.com, Doe v. Rose*). Defendant's claim that Plaintiff lacks documentary proof misinterprets the law, which permits reliance on allegations and the totality of circumstances. Balancing the public's interest in open proceedings with Plaintiff's right to seek redress without further harm strongly favors anonymity here.

## II. Plaintiff's Claims Involve Highly Sensitive Matters That Warrant Anonymity Under Precedent and Contextual Application of Advanced Textile.

Defendant's assertion that Plaintiff's claims are not "of a sensitive or personal nature" is demonstrably incorrect and reflects a fundamental misunderstanding of the nature and gravity of workplace sexual harassment, racial and gender discrimination, and retaliation claims. Courts in this Circuit and others have consistently recognized that such allegations inherently involve highly sensitive, personal matters, particularly where the plaintiff faces credible risks of professional and reputational harm. Plaintiff's claims fall squarely within this protected category.

### A. Advanced Textile Does Not Limit Pseudonymity to Physical Abuse or Medical Conditions

Defendant misinterprets the Ninth Circuit's decision in *Advanced Textile*, 214 F.3d

1058 (9th Cir. 2000), as restricting anonymity only to cases involving rape, abortion, or medical conditions such as AIDS. This is incorrect. The Ninth Circuit explicitly rejected any categorical limitation, emphasizing instead a fact-specific balancing test focused on the plaintiff's reasonable fear of severe harm, which encompasses retaliation, reputational damage, and mental distress. See id. at 1068, 1071–72.

Plaintiff's allegations of racialized and gender-based harassment, coupled with retaliatory conduct by a senior executive in a high-profile workplace, clearly implicate "highly sensitive" claims warranting pseudonymity. *Advanced Textile* underscores that anonymity is particularly justified where public disclosure would chill future claims, especially when power imbalances and retaliation are present. This is precisely the situation here.

**B. Defendant's Reliance on Out-of-Circuit Authorities Is Misplaced**

Defendant relies heavily on cases from other jurisdictions, such as *Roe v. Bernabei & Wachtel*, 85 F. Supp. 3d 89 (D.D.C. 2015), and *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011), which apply more restrictive tests for pseudonymity not binding on this Court. Notably, *Megless* rejected the Ninth Circuit's flexible balancing test, involved claims unrelated to workplace harassment or retaliation, and instead dealt with a public protest and arrest. These distinctions render such cases inapplicable here.

Even under the stricter standards of *Megless*, however, Plaintiff's claims would still merit protection. The Third Circuit's enumerated "sensitive matters," including mental illness and homosexuality, was expressly non-exhaustive. Workplace harassment and discrimination, particularly involving a woman of color in a male-dominated industry, clearly implicate serious reputational, psychological, and economic harms deserving of anonymity.

## C. Severity Threshold Is Not Required For Sensitive Claims

Defendant's attempt to downplay Plaintiff's allegations as insufficiently severe, citing "harassing comments and an unidentified image," imposes an unsupported severity threshold. Courts have consistently held that the sensitivity of claims must be assessed contextually, considering power dynamics, the likelihood of ongoing harm, and the chilling effect on future claims. For example, in *Doe v. Amazon.com, Inc.*, No. 22-cv-1231, 2023 WL 3568691, at *3 (W.D. Wash. May 19, 2023), the court granted anonymity to protect a plaintiff who feared career-ending retaliation after harassment in a competitive industry.

Ironically, Defendant's citation of *Skyline Automobiles*, 375 F. Supp. 3d 401, confirms the sensitive nature of harassment claims. There, the court recognized allegations of drugging, assault, and harassment as "highly sensitive," denying anonymity only because the plaintiff had already publicly disclosed her identity. Here, Plaintiff remains anonymous and faces a close-knit professional community where reputational harm is a credible risk.

## D. Plaintiff's Career and Reputational Concerns Are Legitimate and Serious

Defendant repeatedly trivializes Plaintiff's concerns as mere "embarrassment," ignoring the concrete risks of reputational damage, professional blacklisting, and loss of future employment opportunities she faces. These risks are not hypothetical; they are rooted in actual retaliation Plaintiff has suffered. The Defendant's high-profile status within a subjective, reputation-driven industry further exacerbates these risks.

The Ninth Circuit expressly recognizes that economic and reputational harm constitute "severe harm" sufficient to justify anonymity. *Advanced Textile*, 214 F.3d at 1071–72. The threat of being excluded from professional opportunities or blacklisted is a hallmark of retaliation claims in workplace litigation. Defendant's dismissal of these

concerns as mere embarrassment is legally unsound and insensitive to the realities confronting victims of harassment and whistleblowing.

### E. The Litigation Involves Highly Sensitive and Personal Matters

Plaintiff's decision to proceed under a pseudonym was not a tactical choice but a protective necessity. She continues to work in the same regional industry, where relationships and reputational capital dominate employment opportunities. Public exposure of her identity would cause serious reputational harm, deter future employment, and subject her to stigma and retaliation.

This case centers on coercive and retaliatory workplace conduct, including quid pro quo sexual harassment and sex-based favoritism by senior executives. Courts routinely permit anonymity under such circumstances to safeguard plaintiffs' privacy and prevent further harm. See *Advanced Textile*, 214 F.3d at 1062; see also *Arizona Student Doe*, at 3–4 (granting anonymity due to reputational and psychological harm risks stemming from politically charged claims).

Given the public and media attention this case has already attracted, protecting Plaintiff's identity is essential to prevent irreparable professional and personal harm.

### III.    The "Illegal Conduct" Factor Is Wholly Irrelevant To This Case And Does Not Undermine Plaintiff's Right to Anonymity

Defendants' reliance on the "illegal conduct" factor as a basis to deny Plaintiff's anonymity misapplies the law and is irrelevant here. This factor is but one of several under the Ninth Circuit's *Advanced Textile* test and is not a prerequisite for granting pseudonymity. 214 F.3d at 1068. Plaintiff's claims involve no criminal conduct, nor does her case implicate any self-incrimination concerns; instead, she asserts civil claims for federally protected anti-discrimination rights, warranting protection from retaliation.

The cited case, *Doe v. Commonwealth's Attorney*, 403 F. Supp. 1199 (E.D. Va. 1975), is inapposite, involving criminal conduct and standing considerations entirely distinct from this civil employment discrimination matter. Moreover, *Advanced*

*Textile* itself granted anonymity for civil labor claims without illegal conduct based solely on a reasonable fear of retaliation. Id. at 1072–73.

Plaintiff alleges severe racially charged harassment and retaliation in a male-dominated industry, demonstrating well-founded fears of reputational and economic harm—the precise interests this factor aims to safeguard. Courts routinely hold that the illegal conduct factor is case-specific and non-dispositive. See, e.g., *Doe v. George Washington Univ.*, 369 F. Supp. 3d 49, 66 (D.D.C. 2019); *Doe v. Amazon.com, Inc.*, 2023 WL 3568691, at *2–3 (W.D. Wash. May 19, 2023).

Accordingly, Defendants' argument is legally unfounded and should not diminish Plaintiff's entitlement to proceed anonymously.

## IV.    Defendant Faces No Legitimiate Prejudice Where They Already Know Plaintiff's Identity And May Use It Freely In Discovery

Defendants' claim of prejudice is baseless, as they have known Plaintiff's identity since the EEOC proceedings commenced. Their contention that anonymity impedes defense preparation or discovery is contradicted by this undisputed fact.

Courts consistently reject prejudice claims where defendants know the plaintiff's identity and enjoy full discovery access. See *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1145 (N.D. Cal. 2016); *Doe v. Superior Court*, 5 Cal. App. 5th 1069, 1091 (2016). Mere preference for public disclosure does not constitute prejudice. See *Doe v. Columbia Univ.*, 101 F. Supp. 3d 356, 361 (S.D.N.Y. 2015).

Defendants' reliance on *Skyline Automobiles* and related cases is misplaced, as those involved plaintiffs unknown to defendants, impeding discovery. Here, Plaintiff's identity and employment history have been known to Defendants since the administrative charge, nullifying claims of investigatory hindrance.

Moreover, courts regularly permit pseudonymity at trial where defendants know the plaintiff's identity and maintain discovery rights. See *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014). Plaintiff seeks no protective order restricting discovery, only protection from public disclosure. Speculative concerns about jury prejudice lack support; courts routinely employ neutral instructions to safeguard fairness. See *Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995).

Plaintiff's genuine fears of retaliation and professional harm as a woman of color confronting institutional power are well-recognized grounds for anonymity, especially where the defendant knows the plaintiff's identity. See *Doe v. Amazon.com*, 2023 WL 3568691, at *2; *Doe v. Penzato*, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011).

Ultimately, a defendant's generalized preference for public identification does not outweigh a plaintiff's need for privacy where discovery remains unimpaired. See *Doe v. Purdue Univ.*, 321 F.R.D. 339, 343 (N.D. Ind. 2017).

Defendants' alleged prejudice is thus exaggerated and appears motivated by a desire to publicly expose Plaintiff, not by any legitimate defense interest. Their argument fails, and Plaintiff's motion for anonymity should be granted.

## V.    The Public Interest Is Not Displaced By Plaintiff's Narrow Request for Anonymity In A Sensitive Discrimination Case

Defendants' final argument misapplies the public interest factor by overstating the presumption against anonymity. While open proceedings are a foundational principle, that principle does not automatically bar anonymity when the public's interest in transparency is not meaningfully compromised—particularly here, where the public interest in

encouraging victims of sexual and racial harassment to come forward is compelling, and the case involves private parties rather than government accountability or systemic reform.

Courts regularly acknowledge that protecting victims of sexual misconduct, especially where race and gender intersect, serves a vital public interest. See *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) ("[I]f a plaintiff fears that revealing his or her name will subject him or her to 'extraordinary' harm, courts should carefully balance that against the public's interest in open proceedings.").

Defendants rely heavily on *Skyline* and similar cases to assert a "strong interest" in knowing plaintiffs' identities. However, these cases do not control here because the Plaintiff's identity is fully known to Defendants through the EEOC process. Unlike *Skyline*, where the plaintiff's identity was unknown and anonymity would have obstructed discovery, here Plaintiff seeks only limited pseudonymity in public filings, not complete secrecy or sealed records. Plaintiff's identity remains fully available for discovery, deposition, and trial, ensuring the public retains access to all substantive information.

This limited anonymity does not impair transparency or public scrutiny. See *Doe v. Alger*, 317 F.R.D. 37, 42 (W.D. Va. 2016) (fact that identity is known to defendants "weighs heavily in favor of permitting pseudonym"); *Doe v. Colgate Univ.*, 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016) (greater willingness to allow pseudonym where defendant knows plaintiff's identity). Defendants' cited cases stressing prejudice from unknown plaintiffs are inapposite here. See *Skyline*, 375 F. Supp. 3d at 408; *Doe v. Juan Gonzalez Agency Corp.*, 2022 WL 3100669, at *4 (S.D.N.Y. Aug. 4, 2022).

Moreover, courts routinely permit pseudonymity in civil rights cases involving sexual harassment, assault, and retaliation where plaintiffs face legitimate risks of harm or stigma. See *Doe v. Penzato*, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011); *Doe v.*

*Megless*, 654 F.3d at 408. Plaintiff has made a particularized showing of well-founded fears of retaliation, reputational damage, and professional harm in a male-dominated industry where silence is the norm. See *Doe v. Maricopa County Community College District*, 2017 WL 4460441, at *2 (D. Ariz. Oct. 5, 2017).

Defendants' reliance on out-of-circuit cases such as *Southern Methodist Univ. Ass'n v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979), is misplaced because those cases involved plaintiffs seeking anonymity without a particularized showing of risk and where defendants lacked knowledge of their identities.

Contrary to Defendants' suggestions, the public interest is advanced—not undermined—by permitting anonymity here. The EEOC's Select Task Force on Harassment reports that approximately three-quarters of harassment victims never report, primarily due to fear of retaliation and reputational harm.[1] Requiring public identification of victims chills enforcement of Title VII and Section 1981, which rely on private plaintiffs to vindicate civil rights.

The public's interest is satisfied so long as the proceedings remain open and accessible, with all substantive pleadings, testimony, and arguments publicly available. Only Plaintiff's name is redacted—not the facts or claims. See *Doe v. Northrop Grumman Sys. Corp.*, 2022 WL 3447983, at *4 (E.D. Va. Aug. 17, 2022); *Doe v. Hobart & William Smith Colleges*, 2021 WL 392929, at *3 (W.D.N.Y. Feb. 4, 2021).

---

[1] *EEOC Select Task Force on the Study of Harassment in the Workplace*, U.S. Equal Employment Opportunity Commission (2016), https://www.eeoc.gov/select-task-force-study-harassment-workplace

This balance aligns with Ninth Circuit precedent permitting pseudonymity where needed to protect litigants from stigma or retaliation. See *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008) (applying principles adopted by Ninth Circuit courts). Arizona courts similarly grant pseudonymity in discrimination and harassment cases where disclosure risks harm. *See Doe v. Maricopa County Community College District*, 2017 WL 4460441, at *2.

In sum, the narrowly tailored request for anonymity here supports the public interest by encouraging reporting and enforcement of civil rights laws, while fully preserving public access and transparency in all substantive respects. Defendants' attempt to elevate a generalized notion of public interest over Plaintiff's concrete interests in safety, dignity, and privacy must be rejected.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant her motion to proceed anonymously under the pseudonym "Jane Doe." She has credible, fact-specific concerns about reputational, professional, and emotional harm from public disclosure, involving sexual harassment and retaliation in a male-dominated industry. Defendant already knows Plaintiff's identity, so limited pseudonymity will not prejudice Defendant or hinder public access. Public disclosure would expose Plaintiff to significant risks recognized by the Ninth Circuit as valid grounds for anonymity. Granting this motion balances transparency with protecting vulnerable litigants and encourages enforcement of anti-discrimination laws by allowing victims to come forward without fear.

**DATED** this 12th day of June 2025.

Respectfully Submitted,

**IBF LAW GROUP, PLLC**

By: /s/ Sheree D. Wright
Sheree D. Wright
3101 N. Central Ave, Suite 1250
Phoenix, Arizona 85012
Telephone: (602) 833-1110
Facsimile: (602) 800-5701
E-Mail: sheree@ibflaw.com

**THE LAW OFFICE OF CORTNEY E. WALTERS, PLLC**

By: /s/ Cortney E. Walters
Cortney E. Walters
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020
Telephone: (954) 874-8022
Facsimile: (954) 889-3747
E-Mail: cwalters@cewlawoffice.com

*Attorneys for Plaintiff*