**SHEREE D. WRIGHT (**AZ SBN# 035265)
IBF Law Group, PLLC
3101 N. Central Ave, Suite 1250
Phoenix, Arizona 85012
Telephone: (602) 833-1110
Facsimile: (602) 800-5701
E-Mail: sheree@ibflaw.com

**CORTNEY E. WALTERS** (*admitted pro hac vice*)
The Law Office of Cortney E. Walters, PLLC
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020
Telephone: (954) 874-8022
Facsimile: (954) 889-3747
E-Mail: cwalters@cewlawoffice.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe, | Case No.: 2:25-cv-01295-PHX-GMS |
| Plaintiff, | |
| vs. | **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE REPLY OUT OF TIME** |
| Suns Legacy Partners, LLC, et al. | |
| Defendants, | **Assigned to the Hon. G. Murray Snow** |

- 1 -

# TABLE OF CONTENTS

**Page**

**INTRODUCTION**……………………………………………………………………..4
**ARGUMENTS** …………………………………………………….…………....4
  I.  Defendant Misstates The Standard Under Rule 6(b)(1)(B)…………………..………4
  II.  Plaintiff's Delay Was Minimal, Promptly Addressed, and Non-Prejudicial………6
  III. Defendant's Allegations of "AI-Generated" Cases are Baseless,
      Misplaced, and Legally Irrelevant…………………………..………………….7
  IV. Defendant's Argument Concerning The Absence of A Declaration
      Lacks Legal Support…………………………………………………………8
  V.  Defendant's Arguments About Media Statements Are Irrelevant,
      Hypocritical, And Legally Unsupported……………………………….……......9
  VI. The Court Should Exercise Its Discretion To Grant Leave And
      Consider The Reply On Its Merits………………………………………..…11
**CONCLUSION**………………………………………………..………..…....11

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Ahanchian v. Xenon Pictures, Inc.,*
   624 F.3d 1253 (9th Cir. 2010)……………………………………………5, 6, 7, 10
*Baldwin v. United States,*
   823 F. Supp. 2d 1087, 1091 (D. N. Mar. I. 2011)…………………………………6
*Bateman v. U.S. Postal Serv.,*
   231 F.3d 1220 (9th Cir. 2000)……………………………..…………5, 9
*Briones v. Riviera Hotel & Casino,*
   116 F.3d 379 (9th Cir. 1997)…………………………………………………5
*Gambale v. Deutsche Bank AG,*
   377 F.3d 133 (2d Cir. 2004)……………………………………………………8
*King v. Atiyeh,*
   814 F.2d 565 (9th Cir. 1987)…………………………………………………11
*Kyle v. Campbell Soup Co.,*
   28 F.3d 928 (9th Cir. 1994)……………………………………………...5, 6
*Lemoge v. United States,*
   587 F.3d 1188 (9th Cir. 2009)…………………………………………………10
*Lujan v. Nat'l Wildlife Fed'n,*
   497 U.S. 871 (1990)……………………………………………………..7
*Operating Eng'rs Pension Tr. v. A-C Co.,*
   859 F.2d 1336 (9th Cir. 1988)…………………………………………………8
*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,*
   507 U.S. 380 (1993)…………………………………..………...………4, 5, 6, 10
*Radcliffe v. Rainbow Constr. Co.,*
   254 F.3d 772 (9th Cir. 2001)…………………………………………………8
*Sibley v. Choice Hotels Int'l, Inc.,*
   304 F.R.D. 125 (E.D.N.Y. 2015)………………………………………………8
*Valley Eng'rs Inc. v. Elec. Eng'g Co.,*
   158 F.3d 1051 (9th Cir. 1998)……………………………………………..11

**Rules**

Fed. R. Civ. P. 6(b)(1)(B)……………………………………………………*passim*
Fed. R. Civ. P. 11………………………………………………………………9
LRCiv 7.2………………………………………………………...………10

Jane Doe, hereinafter "Plaintiff," through undersigned counsel submits the following Reply Memorandum in Support of her Motion to File Reply Out of Time.

## INTRODUCTION

Defendant's opposition is a textbook example of litigation overreach, prioritizing personal attacks and baseless speculation over substance. The record before the Court is straightforward: Plaintiff inadvertently missed a non-jurisdictional reply deadline due to a calendaring oversight, promptly filed the reply within a reasonable time, and sought leave the very next day. The governing standard under Federal Rule of Civil Procedure 6(b)(1)(B) is "excusable neglect," not perfection. Defendant fails to cite a single binding case holding that a seven-day delay, promptly corrected, merits the extreme sanction of striking the reply. Its inflammatory rhetoric concerning artificial intelligence and media strategy is a transparent attempt to distract from the controlling legal standard. The Court should reject those tactics and grant the modest relief Plaintiff seeks.

## ARGUMENTS

### I.   DEFENDANT MISSTATES THE STANDARD UNDER RULE 6(b)(1)(B)

Defendant's opposition presents a selective and legally unsupported interpretation of the standard set forth in *Pioneer* and its progeny. The Supreme Court has made clear that the test for excusable neglect is not a rigid or technical one, but "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The four governing factors are well established: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for

the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.*

Defendant relies heavily on *Kyle v. Campbell Soup Co.*, 28 F.3d 928 (9th Cir. 1994), to suggest that calendaring errors never qualify as excusable neglect, even for short delays. That argument is legally inaccurate and has been expressly disapproved by the Ninth Circuit. In *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010), the Court clarified that "we disapprove the overly rigid application of the *Pioneer*/*Bateman* standard in cases such as *Kyle*," and emphasized that procedural rules should be applied "with a spirit of cooperation and civility" to promote resolution on the merits rather than procedural default. The Court in *Ahanchian* reversed a denial of relief under Rule 6(b)(1)(B) where calendaring confusion caused a brief delay in filing, noting that the attorney acted promptly and the delay caused no prejudice.

This case is far more analogous to *Ahanchian* than to *Kyle*. Plaintiff's counsel filed the reply just seven days after the deadline, moved for leave immediately upon discovering the error, and has acted in good faith throughout. There is no suggestion that the delay was willful or strategic, and Defendant has failed to demonstrate any resulting prejudice. Unlike in *Kyle*, where counsel offered no persuasive justification and the court was presented with a bare record, Plaintiff's explanation here is supported by prompt corrective action and an absence of harm to the proceedings. The Ninth Circuit has further clarified that "[n]eglect encompasses both simple, faultless omissions and omissions caused by carelessness." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). Even

in *Kyle*, the court emphasized that it was reviewing for abuse of discretion, not announcing a categorical rule.

District courts have routinely applied the *Pioneer* framework to grant Rule 6(b)(1)(B) relief where the delay is minimal, non-prejudicial, and promptly addressed. In *Baldwin v. United States*, 823 F. Supp. 2d 1087, 1091 (D. N. Mar. I. 2011), the court granted a Rule 6(b)(1)(B) extension after a party failed to make a timely jury demand due to the delay being inadvertence and emphasized the absence of prejudice and the movant's diligence in correcting the error.

This same equitable approach underlies the Ninth Circuit's reasoning in *Ahanchian*, where the court rejected rigid formalism and affirmed that minor calendaring oversights, when promptly remedied and harmless, should not foreclose consideration on the merits. These decisions reflect the consistent view across jurisdictions that brief, good-faith deviations from deadlines do not warrant punitive consequences, particularly where no prejudice results and the proceedings remain on track.

## II.    PLAINTIFF'S DELAY WAS MINIMAL, PROMPTLY ADDRESSED, AND NON-PREJUDICIAL

The record is undisputed that Plaintiff filed her reply seven days late, promptly recognized the oversight, and moved for leave the very next day. The delay did not alter any hearing, deadline, or court schedule. The underlying motion (to proceed anonymously) is not time-sensitive, and the Court had not yet ruled on it. Defendant cannot plausibly claim prejudice from a reply that merely responds to arguments it had already raised.

Rather than identify any concrete harm, Defendant's opposition is laced with gratuitous editorializing about Plaintiff's litigation conduct, including supposed "media strategy" and unfounded accusations of "duplicitous" behavior. These inflammatory diversions have no bearing on the merits of the pending motion or the issue of excusable neglect. If Defendant were truly prejudiced, it would not need to rely on personal attacks and irrelevant commentary to make its case.

Courts have consistently held that "[t]he absence of prejudice to the non-moving party is a significant factor favoring relief under Rule 6(b)." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 895–96 & n.6 (1990); see also *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (reversing denial of leave where opposing party "failed to show any prejudice").

## III.    DEFENDANT'S ALLEGATIONS OF "AI-GENERATED" CASES ARE BASELESS, MISPLACED, AND LEGALLY IRRELEVANT.

Defendant devotes an entire section of its brief to speculating that Plaintiff's reply brief "utilized artificial intelligence" and contains "hallucinated" legal citations. These issues are speculative, unsupported by any factual record, and have no relevance to the procedural issue before the Court. The question presented is whether Plaintiff should be permitted to file a reply brief seven days out of time, a determination governed by equitable factors under Rule 6(b)(1)(B) and not by collateral, unsubstantiated attacks on opposing counsel.

Even if one or more citations in Plaintiff's reply were difficult to verify or contained errors, that does not support Defendant's inflammatory claim that cases were fabricated.

Citation issues may arise from typographical mistakes, formatting inconsistencies, or database discrepancies, none of which, standing alone, constitute bad faith. To the extent any citation in Plaintiff's reply was unclear or inaccurate, Plaintiff will address those issues appropriately through the filing of a Notice of Errata. Courts routinely distinguish between sanctionable conduct and good-faith efforts to correct the record. The Ninth Circuit has emphasized that Rule 11 sanctions are "an extraordinary remedy" to be applied "with extreme caution." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Other courts have similarly declined to impose sanctions where citation or filing issues were the result of oversight rather than intentional misconduct. See *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004);

If Defendant had legitimate concerns regarding the accuracy of any citations or the propriety of Plaintiff's filing, the proper mechanism was a Rule 11 motion, which requires service, notice, and an opportunity to respond, not a footnote-laden ambush within an unrelated opposition. See *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001). Defendant's failure to pursue this course further underscores that its allegations are designed to distract, not to correct.

This Court is fully capable of evaluating the timeliness issue on its merits. Defendant's efforts to derail that evaluation through collateral accusations should be summarily disregarded. See *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 129 (E.D.N.Y. 2015) ("Baseless and speculative attacks on opposing counsel's conduct do not substitute for legal argument.").

**IV.    DEFENDANT'S ARGUMENT CONCERNING THE ABSENCE OF A**

DECLARATION LACKS LEGAL SUPPORT

Defendant contends that Plaintiff's motion must be denied because it was not accompanied by a sworn declaration. This argument is legally unsupported and misstates the applicable standards. Neither Federal Rule of Civil Procedure 6(b)(1)(B) nor Local Rule 7.2 imposes a requirement that a motion for leave to file out of time be accompanied by a declaration. The Ninth Circuit has granted such motions based solely on representations of counsel. See *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–25 (9th Cir. 2000) (granting relief under Rule 60(b)(1) based on counsel's unsworn explanation of calendaring error).

In the motion, Plaintiff's counsel explained that the error arose from an inadvertent misunderstanding about overlapping deadlines, an error promptly identified and immediately addressed through corrective action. Counsel's explanation, submitted in good faith, satisfies the minimal threshold for establishing excusable neglect under Rule 6(b)(1)(B). The Court may, of course, request a declaration if it believes the record requires supplementation, but denying the motion solely for lack of one would elevate form over substance and conflict with the equitable nature of the Rule 6(b) inquiry.

## V.    DEFENDANT'S ARGUMENTS ABOUT MEDIA STATEMENTS ARE IRRELEVANT, HYPOCRITICAL, AND LEGALLY UNSUPPORTED.

Defendant devotes substantial space in its opposition to accusing Plaintiff's counsel of engaging in a "media strategy" and "litigating in the media," claiming that counsel's public statements justify denial of leave to file a reply out of time. These accusations are both inflammatory and legally irrelevant. The only issue before the Court is whether

Plaintiff has demonstrated excusable neglect under Rule 6(b)(1)(B), which is governed by equitable considerations including prejudice, the length of delay, the reason for the delay, and whether the movant acted in good faith. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Speculation about media coverage or public commentary plays no role in that inquiry.

Defendant's arguments are particularly misplaced given its own conduct. Stacey Mitch, a spokesperson for Defendant, made public statements to Law360 concerning this exact case. These were not unauthorized leaks or incidental remarks. They were deliberate, on-the-record comments made by a representative of Defendant to a national legal news outlet. Defendant's claim that Plaintiff's counsel engaged in a "media strategy," while it simultaneously offered its own narrative to the press, is both inconsistent and disingenuous.

Even if Defendant's concerns about publicity were accepted at face value, they still fail as a matter of law. Prejudice under Rule 6(b)(1)(B) refers to the harm resulting from the delay in filing, not dissatisfaction with media attention or reputational discomfort. See *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010); *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009). Defendant identifies no specific prejudice stemming from Plaintiff's seven-day delay. There is no indication that any deadline was impacted, that Defendant's ability to respond was compromised, or that the administration of this case was affected in any material way.

To the extent Defendant seeks to relitigate its opposition to Plaintiff's motion to proceed anonymously, that motion has been separately briefed and is pending before the

Court. Defendant's attempt to leverage unrelated public commentary as a basis to deny a narrow procedural request for leave to file a reply brief is improper and should be rejected.

**VI.    THE COURT SHOULD EXERCISE ITS DISCRETION TO GRANT LEAVE AND CONSIDER THE REPLY ON ITS MERITS**

This Court possesses broad discretion to manage its docket and to grant relief from procedural deadlines in the interest of justice. See *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). That discretion is particularly appropriate in evaluating motions under Rule 6(b)(1)(B), which invites courts to balance equitable considerations rather than rigid technicalities. Here, the equities weigh decisively in favor of granting leave.

Denying the motion and striking Plaintiff's reply would impose a disproportionate and punitive result for a brief, non-prejudicial, and promptly corrected oversight. The Ninth Circuit has emphasized that "[d]ispositive sanctions for violations of procedural rules should be reserved for cases of willfulness, bad faith, or fault." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). There is no such conduct present here.

Plaintiff acted quickly upon recognizing the error, filed the reply in good faith, and immediately moved for leave the following day. Defendant has suffered no cognizable prejudice, and the record reflects diligence rather than delay. Allowing the reply to stand will ensure that the underlying motion is considered on a complete record and in accordance with the strong judicial preference for resolving matters on the merits.

**<u>CONCLUSION</u>**

For the foregoing reasons, and those set forth in Plaintiff's motion, Plaintiff respectfully requests that the Court grant her Motion for Leave to File Reply Out of Time

(Doc. 22) deem the reply brief (Doc. 21) properly filed and consider it in full. The brief delay was promptly addressed, caused no prejudice, and falls squarely within the equitable standard for excusable neglect under Rule 6(b)(1)(B). Granting the motion will ensure the underlying issues are resolved on a complete and fair record.

**DATED** this 24th day of June 2025.

Respectfully Submitted,

**IBF LAW GROUP, PLLC**

By: /s/ Sheree D. Wright_____
Sheree D. Wright
3101 N. Central Ave, Suite 1250
Phoenix, Arizona 85012
Telephone: (602) 833-1110
E-Mail: sheree@ibflaw.com

**THE LAW OFFICE OF CORTNEY E. WALTERS, PLLC**

By: /s/ Cortney E. Walters_____
Cortney E. Walters
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020
Telephone: (954) 874-8022
E-Mail: cwalters@cewlawoffice.com

*Attorneys for Plaintiff*

- 12 -