1   **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9    Jane Doe,                                  No. CV-25-01295-PHX-GMS

10               Plaintiff,                      **ORDER**

11   v.

12   Suns Legacy Partners LLC, et al.,

13               Defendants.

14

15

16         Pending before the Court is Plaintiff's Motion for Leave to Proceed Anonymously

17   (Doc. 6).[1]  That motion is denied.

18         "As a general rule, the identity of the parties in any action, civil or criminal, should

19   not be concealed except in an unusual case, where there is a need for the cloak of

20   anonymity." *United States v. Stoterau,* 524 F.3d 988, 1012 (9th Cir. 2008) quoting *United*

21   *States v. Doe,* 488 F.3d 1154, 1156 n.1 (9th Cir. 2007).  Anonymity is disfavored and "runs

22   afoul of the public's common law right of access to judicial proceedings . . . and Rule

23   10(a)'s command that the title of every complaint 'include the names of all the parties.'"

24   _____

     [1] Plaintiff's Motion for leave to file Reply out of time (Doc. 22) is granted as the delay in
25   filing the Reply was not great and it poses no prejudice to Defendants for the Court to
     consider it.  Defendant's Motion for Leave to file Sur-Reply (Doc. 28) is also granted as
26   appropriately sought.  Plaintiff's First Motion for Leave to Substitute Plaintiff's Reply
     (Doc. 36) is granted in part.  The Court orders that the document lodged at Doc. 38 be filed
27   and the Court considered that document in the place of the Reply filed at Doc. 21 in
     deciding this motion.  The Court, however, declines to strike Doc. 21, and declines to rule
28   that the substitution of Doc. 21 with the document presently lodged at Doc. 38 resolves any
     concerns about the originally-filed Reply.  Plaintiff's Emergency Motion to Seal Doc. 36
     is denied as moot.

*Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000) quoting Fed. R. Civ. P. 10(a)).  Still, courts may allow a party to proceed under an assumed name in unusual cases when the party "reasonably fear[s] retaliation and the public disclosure of their identities risks stigmatization or serious harm."  *Id.* at 1068.

The Ninth Circuit mandates that the Court consider the following factors in determining whether circumstances justifying anonymity have been met: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Advanced Textile,* 214 F.3d at 1068 (internal citations omitted).

The Court has reviewed Plaintiff's complaint and her moving papers.  Nothing in either suggests threatened harm of any particular severity.  While a case in which Plaintiff alleges sexual harassment may always involve some embarrassment to the Plaintiff and those against whom she brings her allegations, Plaintiff's allegations in the complaint are not unusual or atypical for such claims, nor are allegations of sexual assault involved which by themselves are not sufficient to entitle a plaintiff to proceed under a pseudonym.  *Doe v. Skyline Auto,* 375 F. Supp.3d 401, 405 (S.D.N.Y. 2019).

While the Plaintiff speculates about possible harms from bringing these claims because she works in the public relations industry in a regional market, she offers no reason to think that any harm about which she speculates are reasonably anticipated. "[S]peculative claims of physical or mental harms are insufficient to bolster a request for anonymity." *Skyline Auto,* 375 F. Supp. 3d at 406.   Nor for that matter, does she explain how the public relations industry differs from other regional occupations to the extent that Plaintiff might suffer additional reputational harm among potential future employees by bringing such charges.  And to the extent that the Defendants may be affiliated with a local sports team of some notoriety, it is not clear that her interest in anonymity outweighs the public's right to know. This Court is disinclined to shield Plaintiff's identity while she publishes the specific identity of the persons she accuses in her public pleadings and motion papers (which she has).  She cannot use Court orders as both a sword and a shield.

- 2 -

1    Nor does Plaintiff offer any reason to believe she has a particular vulnerability or

2    susceptibility to such harm. *See Southern Methodist Univ. Ass'n of Women Law Students*

3    *v. Wynne & Jaffee,* 599 F.2d 707, 713 (5th Cir. 1979) (holding that unnamed plaintiffs "face

4    no greater threat of retaliation than the typical plaintiff alleging Title VII violations,

5    including the other women who, under their real names and not anonymously, have filed

6    sex discrimination suits."). In sum, Plaintiff's motion is not supported by sufficient facts

7    to suggest that her right to anonymity overrides the inherently public nature of a lawsuit.

8    **IT IS THEREFORE ORDERED:**

9    1.  **Denying** Plaintiff's Motion for Leave to Proceed Anonymously (Doc. 6) and

10   directing Plaintiff to amend her Complaint to provide her true full name within **fiftee**n days

11   from the date of this order.

12   2.  **Granting** Plaintiff's Motion for Leave to File Reply Out of Time (Doc. 22).

13   3.  **Granting** Defendant's Motion for Leave to File Sur-Reply (Doc. 28).

14   4.  **Granting** in part Plaintiff's First Motion for Leave to Substitute Plaintiff's

15   Reply (Doc. 36) as further described in footnote one above. The Clerk of Court is directed

16   to file Plaintiff's Lodged Reply in Support of Motion for Leave to Proceed Anonymously

17   at Doc. 38.

18   5.  **Denying** Plaintiff's Emergency Motion to Seal (Doc. 44) as moot.

19   Dated this 22nd day of August, 2025.

20

21   _____
     G. Murray Snow

22   Senior United States District Judge

23

24

25

26

27

28