Malcolm A. Heinicke* (CA Bar No. 194174)
Malcolm.Heinicke@mto.com
Taylor L. Benninger* (CA Bar No. 344825)
Taylor.Benninger@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000

Craig Jennings Lavoie* (CA Bar No. 293079)
Craig.Lavoie@mto.com
Jennifer L. Bryant* (CA Bar No. 293371)
Jennifer.Bryant@mto.com
Jin Niu* (CA Bar No. 362447)
Jin.Niu@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100

Leah S. Freed (State Bar No. 021332)
Leah.Freed@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone:   (602) 778-3700

Attorneys for Defendant Suns Legacy
Partners, L.L.C.
* Admitted *pro hac vice*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe,<br><br>      Plaintiff,<br><br>   vs.<br><br>Suns Legacy Partners, L.L.C.,<br><br>      Defendant. | No. CV-25-01295-PHX-GMS<br><br>**DEFENDANT'S RULE 11 MOTION FOR SANCTIONS**<br><br>**(Oral Argument Requested)** |

Defendant Suns Legacy Partners, L.L.C. respectfully moves under Federal Rule of Civil Procedure 11 for an order imposing sanctions on Plaintiff's counsel Sheree Wright and Cortney Walters. This Motion is supported by the Declaration of Jennifer L. Bryant and Appendices A through F.

I.  **INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendant respectfully requests that the Court impose Rule 11 sanctions on Sheree Wright and Cortney Walters, counsel for Plaintiff Doe in this matter. Rule 11 requires that attorneys ensure that their "legal contentions are warranted by existing law or by a nonfrivolous argument" for changing the law, Fed. R. Civ. P. 11(b)(2), and that their "factual contentions have evidentiary support," Fed. R. Civ. P. 11(b)(3). Under Rule 11, an attorney's signature on a court filing "certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, 498 U.S. 533, 542 (1991).

Defendant does not bring this Motion lightly. But Plaintiff's counsel violated Rule 11 at least <u>sixteen times</u> in filings submitted before this Motion was served on them. They cited made-up cases and quotations in their filings to this Court, made implausible representations to the Court about how the fabricated authorities wound up in their filings, and falsely represented a case's ruling when purporting to correct a prior issue. All told, Plaintiff's counsel cited nine cases that do not exist as cited, some multiple times; attributed six fabricated quotations to four cases that do not contain the quoted language; made two unfounded factual contentions regarding the source of these problems; and falsely represented at least one other case's ruling when purporting to correct an error. Several of those Rule 11 violations came after Defendant alerted Plaintiff's counsel to fabrications in two of Plaintiff's briefs.

The only plausible explanation for these recurring issues is that Plaintiff's counsel used artificial intelligence tools without verifying their outputs. Courts routinely impose Rules 11 sanctions on attorneys who submit AI-fabricated authorities—especially where, as

1

here, the attorneys fail to take responsibility for their conduct.

Because Plaintiff's counsel have not adequately availed themselves of Rule 11's 21-day safe harbor, their misconduct is subject to Rule 11 sanctions even though the Court has now denied Plaintiff's motion to proceed anonymously, to which some of the filings related. *See, e.g.*, *Hamilton v. Yavapai Cmty. Coll. Dist.*, No. CV-12-08193-PCT-GMS, 2018 WL 6696906, at *1–2 (D. Ariz. Dec. 20, 2018). While Plaintiff's counsel have made multiple attempts to revise *some* of the filings at issue, they have left other offending filings wholly uncorrected. Even their attempted revisions have not fully "withdrawn or appropriately corrected" the "challenged paper[s]," as further detailed below. Fed. R. Civ. P. 11(c)(2). For example, where Plaintiff's counsel had falsely attributed made-up language to a case, the purported correction only deleted the quotation marks. *See* Doc. 39-3 at 8. That did nothing to cure the fundamental issue: the cited case has no relevance to the proposition still attributed to it. *See id.* In addition, Plaintiff's counsel have continued to offer shifting and implausible explanations for their submission of fabricated authorities.

Defendant brings this Motion because it believes Plaintiff's counsel's conduct must be acknowledged and addressed, and because counsel's continued pattern of fabricated authorities and false representations to the Court is untenable, but defers to the Court's judgment on the form of appropriate sanction.

## II.   BACKGROUND

### A.   Sheree Wright & Cortney Walters

Plaintiff is represented in this matter by Sheree Wright and Cortney Walters. Sheree Wright is a member of the State Bar of Arizona and the State Bar of New Mexico. Cortney Walters is a member of the Florida Bar and is appearing in this matter pro hac vice. Like all attorneys practicing before this Court, "[a]ttorneys admitted to practice pro hac vice must comply with the Rules of Practice and Procedure." LRCiv 83.1(b)(2).

### B.   Fabricated Case in Complaint

Plaintiff's counsel first submitted fabricated authority to this Court on April 18, 2025, when they signed and filed the Complaint in this case. The Complaint contained a citation

to "*E.E.O.C. v. Maricopa County Cmty. Coll. Dist.*, No. CV-20-01788-PHX-JJT, 2021 WL 3081160, at *4 (D. Ariz. July 21, 2021)." Doc. 1 at 21 n.2. That case does not exist.

### C.  Fabricated Cases in June 12 Filings

The misconduct continued on June 12, 2025, when Plaintiff's counsel signed and filed (1) an opposition to a motion to dismiss, Doc. 20, and (2) a late reply brief in support of Doe's motion to proceed anonymously, Doc. 21. Both briefs contained fabricated citations to non-existent cases.

The first brief, Plaintiff's opposition to Defendant's motion to dismiss, contained two fabricated cases. Doc. 20 at 12 n.11, 15 (citing the non-existent District of Arizona cases "*Pizzo v. City of Chandler*" and "*McIntyre v. Phoenix Newspapers, Inc.*"). Defendant has been unable to locate any cases, in any court, with the names given in those case citations.

The second brief, Plaintiff's late-filed reply in support of a motion to proceed anonymously, contained five fabricated case citations in the body of the brief and a sixth in the table of authorities. Doc. 21 at 7, 9, 11–12, 14–15 (fabricated citations to "*Doe v. Amazon.com*," "*Doe v. Maricopa County Community College District*," "*Doe v. Northrop Grumman Sys. Corp.*," "*Doe v. Hobart & William Smith Colleges*," and "*Doe v. Superior Court*"); *see also id.* at 4 (listing non-existent case "*Doe v. Washington University*" in Table of Authorities). None of those cases exist as cited. Although in some instances the citations include a case name that matches the name of a case that exists, the real cases do not correspond to the citations given (*e.g.*, different court and/or date) and in some instances directly contradict the cited propositions.

### D.  Unfounded Statements and Fabricated Quotations in June 24 Filings

After Defendant discovered the fabricated citations in Plaintiffs' June 12 filings, Defendant brought them to the attention of Plaintiff's counsel by way of responsive filings. Doc. 23 at 2, 4–5; Doc. 25 at 1, 3 & nn.1, 2. In response, Plaintiff's counsel took no action to correct the fabrications in the first brief (Plaintiff's opposition to the motion to dismiss). And they denied and downplayed any misconduct with regard to the second brief (Plaintiff's reply in support of her motion to proceed anonymously). Plaintiff's counsel asserted that

3

the issue of fake cases was "speculative" and had "no relevance to the procedural issue before the Court." Doc. 26 at 7. Plaintiff's counsel nevertheless purported to correct the second brief by signing and filing a Notice of Errata and a revised version of the reply in support of leave to proceed anonymously. Docs. 27, 27-1.

But rather than taking candid responsibility for the issues, the new filings implausibly stated that the erroneous citations were caused by "clerical or formatting errors," Doc. 27 at 1, and implied that "typographical mistakes, formatting inconsistencies, or database discrepancies" may have been to blame, Doc. 26 at 8. The revised brief also incorrectly stated that one of the cases swapped in as a correction, *Doe v. UNUM Life Insurance Co.*, 164 F. Supp. 3d 1140 (N.D. Cal. 2016), granted a motion to proceed anonymously. Doc. 27-1 at 9. The opposite is true: the court in that case *denied* such a motion. *UNUM Life Ins.*, 164 F. Supp. 3d at 1147.

Even more concerning, Plaintiff's counsel's reply brief in support of leave to file out of time, where they attempted to address the fake cases in one of the June 12 filings, itself included six fabricated case quotations attributed to four different cases. Doc. 26 at 5, 8, 11 (fabricated quotations attributed to *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010), *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997), *Sibley v. Choice Hotels International, Inc.*, 304 F.R.D. 125 (E.D.N.Y. 2015), and *Valley Engineers Inc. v. Electrical Engineering Co.*, 158 F.3d 1051 (9th Cir. 1998)). One especially troubling quotation falsely stated that the Ninth Circuit had "disapprove[d]" of a binding precedent cited by Defendant—when neither the quoted language nor that holding exists in the cited case. Doc. 26 at 5 (falsely quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010), as "disapprov[ing]" of *Kyle v. Campbell Soup Co.*, 28 F.3d 928 (9th Cir. 1994)); *see also* Doc. 23 at 7 (brief by Defendant citing *Kyle*).

For the Court's convenience, the offending filings are attached to this Motion as Appendices A through F, with highlighting and annotations added to indicate the fake cases, unfounded factual statements, and fake quotations, as summarized below:

4

| No. | Filing | Citation / Statement | Notes |
|---|---|---|---|
| 1 | Complaint (Doc. 1 / App'x A) at 21 n.2 | Citation to "*E.E.O.C. v. Maricopa County Cmty. Coll. Dist.*, No. CV-20-01788-PHX-JJT, 2021 WL 3081160, at *4 (D. Ariz. July 21, 2021)." | Case does not exist. |
| 2 | Opposition to Motion to Dismiss (Doc. 20 / App'x B) at 12 n.11, 15 | Two citations to "*Pizzo v. City of Chandler*, No. CV-20-02309-PHX-MTL, 2021 WL 7540814, at *3 (D. Ariz. Sept. 21, 2021)." | Case does not exist. |
| 3 | Opposition to Motion to Dismiss (Doc. 20 / App'x B) at 15 | Citation to "*McIntyre v. Phx. Newspapers, Inc.*, No. CV-06-02903-PHX-JAT, 2007 WL 9702526, at *3 (D. Ariz. May 24, 2007)." | Case does not exist. |
| 4 | Reply in Support of Motion to Proceed Anonymously (Doc. 21 / App'x C) at 7, 9, 11, 12 | Four citations to "*Doe v. Amazon.com, Inc.*, 2023 WL 3568691 (W.D. Wash. May 19, 2023)." | Case does not exist as cited: A case of this name in this court exists, but the date and Westlaw citation are incorrect, and the holding is the opposite of the one stated. |
| 5 | Reply in Support of Motion to Proceed Anonymously (Doc. 21 / App'x C) at 14, 15 | Two citations to "*Doe v. Maricopa Cty. Cmty. Coll. Dist.*, 2017 WL 4460441 (D. Ariz. Oct. 5, 2017)." | Case does not exist. |
| 6 | Reply in Support of Motion to Proceed Anonymously (Doc. 21 / App'x C) at 14 | Citation to "*Doe v. Northrop Grumman Sys. Corp.*, 2022 WL 3447983 (E.D. Va. Aug. 17, 2022)." | Case does not exist as cited: A case of this name exists, but the court, date, and Westlaw citation are incorrect. |
| 7 | Reply in Support of Motion to Proceed Anonymously (Doc. 21 / App'x C) at 4 | Case "*Doe v. Washington Univ.*, 2023 WL 1863164 (E.D. Mo. Feb. 9, 2023)" listed in table of authorities. | Case does not exist. |
| 8 | Reply in Support of Motion to Proceed Anonymously (Doc. 21 / App'x C) at 14 | Citation to "*Doe v. Hobart & William Smith Colleges*, 2021 WL 392929 (W.D.N.Y. Feb. 4, 2021)." | Case does not exist as cited: A case of this name in this court exists, but the date and Westlaw citation are incorrect. |
| 9 | Reply in Support of Motion to Proceed Anonymously (Doc. 21 / App'x C) at 11 | Citation to "*Doe v. Superior Court*, 5. Cal. App. 5th 1069, 1091 (2016)." | Case does not exist as cited: A case of this name in this court exists, but the reporter citation is incorrect and the decision addresses a |

| | | | different issue than represented. |
|---|---|---|---|
| 10 | Reply in Support of Leave to File Out of Time (Doc. 26 / App'x D) at 5, 7 | Three quotations attributed to *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010) ("we disapprove…"; "with a spirit…"; and "failed to show any prejudice"). | Case does not contain quoted language. |
| 11 | Reply in Support of Leave to File Out of Time (Doc. 26 / App'x D) at 5 | Quotation attributed to *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997) ("[n]eglect encompasses both…"). | Case does not contain quoted language. |
| 12 | Reply in Support of Leave to File Out of Time (Doc. 26 / App'x D) at 8 | Quotation attributed to *Sibley v. Choice Hotels International, Inc.*, 304 F.R.D. 125, 129 (E.D.N.Y. 2015) ("Baseless and speculative attacks…"). | Case does not contain quoted language. |
| 13 | Reply in Support of Leave to File Out of Time (Doc. 26 / App'x D) at 11 | Quotation attributed to *Valley Engineers Inc. v. Electrical Engineering Co.*, 158 F.3d 1051 (9th Cir. 1998) ("[d]ispositive sanctions for violations…"). | Case does not contain quoted language. |
| 14 | Reply in Support of Leave to File Out of Time (Doc. 26 / App'x D) at 7–8 | Statement that errors like those in Doc. 21 "may arise from typographical mistakes, formatting inconsistencies, or database discrepancies." | Unfounded factual contention. |
| 15 | Notice of Errata (Doc. 27 / App'x E) at 1 | Statement that citation issues in Doc. 21 were "clerical or formatting errors." | Unfounded factual contention. |
| 16 | Proposed Revised Brief (Doc. 27-1 / App'x F) at 9 | Statement that *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140 (N.D. Cal. 2016), allowed plaintiff to proceed anonymously. | Holding is the opposite of the one stated: Case denied motion to proceed anonymously. |

**E.    Rule 11 Notice and Response from Plaintiff's Counsel**

As Plaintiff's counsel have conceded, "Defendant served Plaintiff with a Rule 11 motion . . . on July 30," Doc. 37 at 2, and this communication "triggered" the 21-day safe-harbor period, Doc. 36 at 2—*i.e.*, the period from July 30 to August 20 during which they could "withdraw[] or appropriately correct[]" their violations to avoid sanctions.[1]  Fed. R.

---

[1] Plaintiff and her counsel have confirmed that "Defendant served Plaintiff with a Rule 11 motion and simultaneously attempted to insert related allegations into the Joint Case

6

1  Civ. P. 11(c)(2).

2      The same day, just a few hours later, Plaintiff's counsel responded by email. Bryant Decl. ¶ 8, Ex. 6. In her July 30 email, Ms. Wright stated that her "team inadvertently filed the wrong version of the Reply in Support of Plaintiff's Motion to Proceed Anonymously" when she "was unexpectedly out of the office due to a death in [her] family." *Id.* at 2. With the email, Ms. Wright provided a copy of what she described as the "correct draft" and "metadata confirming its preparation timeline." *Id.* ¶¶ 8–11.

    Plaintiff's counsel also responded with multiple filings. On August 1, 2025, Plaintiff's counsel filed a motion for leave (Doc. 36) to file a substantially different substitute reply brief (Doc. 38) to replace the original late-filed reply brief (Doc. 21)—which itself previously had been the subject of a Notice of Errata (Doc. 27) that attached a revised reply brief (Doc. 27-1). Although Plaintiff's counsel had previously signed three different filings related to these issues more than a month before Defendant served the Rule 11 Motion (Docs. 26, 27, 27-1), the motion for leave asserts for the first time that "a paralegal . . . inadvertently reverted to an older working draft," which was "erroneously filed on June 12, 2025, while Ms. Wright was out of the office" due to "the unexpected death of a close family member." Doc. 36 at 2–3. Ms. Walters's sworn affidavit states that "[t]he inadvertent filing was first identified on July 30, 2025, when Defendant's Rule 11 letter was received." Doc. 36-11.

    The motion for leave and Ms. Wright's supporting affidavit describe the fabricated citations as "citation placeholders and quotation formatting issues." *Id.* at 3; Doc. 36-10 at 1–2 (attesting that the fabricated authorities were "placeholder citations" and denying use of artificial intelligence tools). According to the motion and Ms. Wright's affidavit, Plaintiff's counsel used LexisNexis, not artificial intelligence tools, and the cited case law was legitimate. Doc. 36 at 3; Doc. 36-10 at 2–3. In her sworn affidavit, Ms. Wright also revealed that the bereavement leave referenced in the motion (and in her July 30 email) was "due to

---

Management Report. Plaintiff received both the motion and the revised joint report on July 30." Doc. 37 at 2. They have likewise confirmed that "the 21-day safe harbor period [was] triggered by Defendants' July 30, 2025 Rule 11 letter." Doc. 36 at 2.

7

the sudden death of [her] beloved dog on June 9, 2025." Doc. 36-10 at 2.

Plaintiff's counsel purported to make further corrections with an additional Notice of Errata on August 5, 2025, with attachments proposing revisions to the Complaint, the opposition to the motion to dismiss, and the reply brief in support of leave to file out of time. Docs. 39, 39-1, 39-2, 39-3.

As explained below, these filings and Plaintiff's counsel's implausible explanations do not "withdraw[] or appropriately correct[]" the full set of issues identified by the Rule 11 Motion served on Plaintiff. Fed. R. Civ. P. 11(c)(2). Due to the flawed and incomplete attempted corrections, Defendant now files this Motion with the Court.

## III.   STANDARD

A court may impose Rule 11 sanctions if a filing is "both baseless and made without a reasonable and competent inquiry." *Lake v. Gates*, 130 F.4th 1064, 1068 (9th Cir. 2025) (internal quotation and emphases omitted). Rule 11's reasonableness standard is an objective one. *Id.* The Court's Order on August 25, 2025 denying Plaintiff leave to proceed anonymously (Doc. 46) does not preclude this Motion because Plaintiff's counsel "had the benefit of the full 21-day safe harbor" to correct their violations, and as set forth below, they did not do so. *See, e.g.*, *Hamilton*, 2018 WL 6696906, at *1–2.[2]

## IV.   ARGUMENT

### A.   Rule 11 Requires Attorneys to Make a Reasonable Inquiry into the Merit of Their Legal and Factual Contentions

Rule 11 requires attorneys to "certify to the court, by signature, that any papers filed

---

[2] In *Hamilton*, this Court held that Rule 11 does not allow a motion for sanctions where the court has resolved the underlying motion before the opposing party "had the benefit of the full 21-day" safe-harbor period. 2018 WL 6696906, at *2. Here, the opposite is true: the 21-day safe harbor expired on August 20, several days before this Court denied the underlying motion for leave to proceed anonymously. While this Court observed in *Hamilton* that several federal circuit courts have suggested that a Rule 11 motion cannot be *filed* if the underlying motion has been resolved, regardless of whether the offending party had the full benefit of the safe-harbor period, *id.* at *1, Defendant respectfully contends that such a result would be inconsistent with Rule 11.

8

are well founded." *Bus. Guides, Inc.*, 498 U.S. at 542. "A signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both." *Id.*

Specifically, Rule 11 provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument" for changing the law. Fed. R. Civ. P. 11(b)(2). Similarly, an attorney certifies that "the factual contentions have evidentiary support" or likely will have such support. Fed. R. Civ. P. 11(b)(2). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney . . . that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Sanctions "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion . . . an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

### B.     Plaintiff's Counsel's Conduct Violates Rule 11

Courts have uniformly recognized that attorneys violate Rule 11 when they sign or file briefs "with fake quotes and citations created by [an] artificial intelligence tool." *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023); *see also Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 495 (D. Wyo. 2025) ("[U]sing a fake opinion to support an argument is a violation of Rule 11(b)(2)."); *Mavy v. Comm'r of Soc. Sec. Admin.*, No. CV-25-00689-PHX-KML (ASB), 2025 WL 2355222, at *6–9 (D. Ariz. Aug. 14, 2025) (collecting cases imposing sanctions for fabricated citations).

By submitting fabricated case citations and quotations, Plaintiff's counsel presented baseless legal contentions to the Court without making a reasonable inquiry, in violation of Rule 11. "A fake opinion is not 'existing law' and citation to a fake opinion does not provide

9

a non-frivolous ground for . . . establishing new law." *Mata*, 678 F. Supp. 3d at 461. "An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." *Id.* "By providing fabricated quotations," an attorney violates Rule 11 by "not act[ing] reasonably under the circumstances to ensure that the legal contentions in [a] brief were accurately representing existing law." *Allen v. Mercedes-Benz USA, LLC*, No. 2:25-cv-01222-DJC-JDP, 2025 WL 1744451, at *3 (E.D. Cal. June 24, 2025) (referring attorney to a state bar). That is so whether or not Plaintiff's counsel, or their staff, used AI. *See Mavy*, 2025 WL 2355222, at *9.

Even a cursory investigation by Plaintiff's counsel would have revealed that the fabricated cases do not exist, and that the fabricated quotations are not contained in the cases to which they are attributed. Plaintiff's counsel therefore submitted the Complaint and briefs to the Court "without taking the necessary care in their preparation." *Mata*, 678 F. Supp. 3d at 460, 465 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990)) (sanctioning attorneys for filing AI-fabricated case citations). Such a failure to undertake a basic inquiry into whether cited cases exist "is an 'abuse of the judicial system' that is subject to Rule 11 sanction." *Id.* at 460 (quoting *Cooter & Gell*, 496 U.S. at 398). The same is true of a failure to make a basic inquiry into whether cases actually contain the quotations attributed to them. "The bottom line is this: at this point, no lawyer should be using ChatGPT or any other generative AI product to perform research without verifying the results. Period." *In re Martin*, 670 B.R. 636, 642–43, 648 (Bankr. N.D. Ill. 2025) (sanctioning attorneys under a bankruptcy rule that is "essentially identical" to Rule 11).

### C. Plaintiff's Counsel Failed to Withdraw or Appropriately Correct Their Unfounded Contentions and Instead Committed Further Rule 11 Violations

At the time this Rule 11 Motion was served, Plaintiff's counsel had purported to correct *one* of the briefs with fabricated citations, Doc. 21, through the filing of a Notice of Errata, Doc. 27, and a revised brief, Doc. 27-1. But those filings did not appropriately correct Plaintiff's counsel's misconduct; instead, they compounded it. The Notice of Errata purported to "correct[]" six citations that were identified by Defendant, stating that the brief

in question contained "clerical or formatting errors that may have affected ease of verification." Doc. 27 at 1. That excuse is implausible. Clerical or formatting errors might cause isolated instances of incorrect page numbers or transposed digits in a Westlaw number. But the fabricated citations here—citations to cases that do not exist, complete with manufactured case captions, Westlaw or reporter citations, court names, and decision dates—could not plausibly be the result of such errors, especially if counsel conducted even a cursory review of the documents before filing them. The table provided by Plaintiff's counsel in the Notice of Errata itself (see below) illustrates that the original citations cannot possibly have been "clerical or formatting errors":

| Original Citation | Corrected Authority |
|---|---|
| *Doe v. Amazon.com, Inc.*, 2023 WL 3568691 (W.D. Wash. May 19, 2023) | *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144–45 (N.D. Cal. 2016) |
| *Doe v. Maricopa Cty. Cmty. Coll. Dist.*, 2017 WL 4460441 (D. Ariz. Oct. 5, 2017) | Citation removed. Statement retained without citation. |
| *Doe v. Northrop Grumman Sys. Corp.*, 2022 WL 3447983 (E.D. Va. Aug. 17, 2022) | *Doe v. Penzato*, No. CV10-05105 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) |
| *Doe v. Washington Univ.*, 2023 WL 1863164 (E.D. Mo. Feb. 9, 2023) | Listed in the table of authorities but not cited in reply brief. No action required. |
| *Doe v. Hobart & William Smith Colleges*, 2021 WL 392929 (W.D.N.Y. Feb. 4, 2021) | *Doe v. Hobart & William Smith Colleges*, No. 6:20-cv-06338EAW-MJP, 2021 WL 1062707 (W.D.N.Y. Mar. 19, 2021) |
| *Doe v. Superior Court*, 5. Cal. App. 5th 1069, 1091 (2016) | Citation removed. No substitution necessary, as Plaintiff's remaining authorities fully support the relevant argument. |

*Fig. 1: Table in Notice of Errata Signed by Plaintiff's Counsel, Doc. 27 at 2.*

The most obvious explanation is blind reliance on AI tools and a failure to conduct even a cursory check of citations. By stating in the Notice of Errata that the problematic citations were "clerical or formatting errors," Doc. 27 at 1, and by implying in other briefing that the citations may have been caused by "typographical mistakes, formatting inconsistencies, or database discrepancies," Doc. 26 at 8, Plaintiff's counsel violated their Rule 11 obligation to make only well-founded "factual contentions" to the Court. Fed. R. Civ. P. 11(b)(3). That obligation applies to "[e]very pleading, written motion, and other paper"—including a Notice of Errata. Fed. R. Civ. P. 11(a); *see* Doc. 27 at 3 (Notice of

Errata signed by Plaintiff's counsel).

In addition, the revised brief itself contained an additional Rule 11 violation: Plaintiff's counsel stated that "in *Doe v. UNUM Life Insurance Co. of America*, 164 F. Supp. 3d 1140, 1145 (N.D. Cal. 2016), the court granted anonymity to protect a plaintiff." Doc. 27-1 at 9. That is untrue: that decision denied leave to proceed anonymously. *UNUM Life Ins. Co.*, 164 F. Supp. 3d at 1142.

Instead of "coming clean about their actions," Plaintiff's counsel "doubled down" with a course of "conscious avoidance and false and misleading statements to the Court." *Mata*, 678 F. Supp. 3d at 449 (sanctioning attorneys for AI-fabricated citations).

Nor do the submissions Plaintiff's counsel filed during the safe-harbor period sufficiently correct the full set of issues. Numerous improper citations and assertions remain. To name a few:

**Legal Misrepresentations.** In purporting to correct fabricated quotations, Plaintiff's counsel sometimes simply deleted quotation marks even where the cited cases do not support the language in question, quoted or otherwise. For example, *Sibley v. Choice Hotels International, Inc.*, 304 F.R.D. 125 (E.D.N.Y. 2015), says nothing about whether "[b]aseless and speculative attacks on opposing counsel's conduct do not substitute for legal argument." *Contra* Doc. 39-3 at 8. And *Valley Engineers Inc. v. Electrical Engineering Co.*, 158 F.3d 1051 (9th Cir. 1998), does not hold that "dispositive sanctions for violations of procedural rules should be reserved for cases of willfulness, bad faith, or fault." *Contra* Doc. 39-3 at 11. In addition, Plaintiff's counsel's revisions of the most egregious fabricated quotation (which falsely quoted the Ninth Circuit as "disapprov[ing]" of a Ninth Circuit case cited by Defendant) still misleadingly represent the holding of the cited case. *See id.* at 6 (describing *Ahanchian*). Because Plaintiff's counsel's revisions do not withdraw or appropriately correct the full set of legal misrepresentations, Plaintiff's counsel should be sanctioned for their misconduct under Rule 11.

**Factual Misrepresentations.** Plaintiff's counsel have made no attempt to withdraw or correct their factual misrepresentations regarding the cause of the fabrications. First,

12

Plaintiff's counsel have not purported to withdraw or correct the misrepresentation in the original Notice of Errata that the citation issues were "clerical or formatting errors." Doc. 27 at 1. Similarly, despite filing a revised version of the brief originally filed at Doc. 26, Plaintiff's counsel made no changes to the brief's factual misrepresentation that the pervasive citation problems at issue "may arise from typographical mistakes, formatting inconsistencies, or database discrepancies." *See* Doc. 39-3 at 8–9.

Instead, Plaintiff's counsel have doubled down on their implausible "formatting issues" explanation. Doc. 39 at 2. They also offer new implausible explanations. The motion for leave asserts that the citations at issue were mere "placeholders" included for "brainstorming purposes," implying that Plaintiff's counsel or a staff member invented detailed, authentic-looking citations out of whole cloth (rather than using actual placeholder language, such as, e.g., "[Insert Citation]").[3] Doc. 36 at 5, 6. Inexplicably, the exhibit Plaintiff's counsel submitted purporting to show that these "placeholders" were marked for removal, Doc. 36-6, shows a 36-page document with language that differs significantly from the filed 16-page brief.[4] *Compare* Doc. 36-6 *with* Doc. 21.

In sum: Plaintiff's counsel have had ample opportunity to withdraw, correct, and explain their misconduct. Their attempts to do so are inadequate.[5]

**D.    Rule 11 Sanctions Are Warranted**

The Court is empowered to "impose an appropriate sanction" for this misconduct by

---

[3] Reliance on human-generated fake cases would be no more appropriate than reliance on AI hallucinations. *See, e.g.*, *Mavy*, 2025 WL 2355222, at *5; *United States v. Hayes*, 763 F. Supp. 3d 1054, 1066–67 (E.D. Cal. 2025).

[4] Defendant notes that, in prior disciplinary proceedings, Ms. Wright provided an email to the Arizona State Bar that differed from the version of the same email provided by her former client. Bryant Decl. ¶ 6, Ex. 5 at 5. "When asked to resolve the difference between the two, [Ms. Wright] alleged that her computer had been compromised or hacked." *Id.* at 6. The Bar concluded it could not prove by clear and convincing evidence that submission of the email was an ethical violation. *Id.*

[5] For the avoidance of doubt, Defendant does not seek Rule 11 sanctions for statements during the safe-harbor period. Defendant discusses those filings only to explain why Plaintiff's counsel may be sanctioned for the pre-safe-harbor filings.

13

Plaintiff's counsel.  Fed. R. Civ. P. 11(c)(1).  A sanction should "suffice[] to deter repetition of the conduct or comparable conduct by others" and "may include nonmonetary directives; an order to pay a penalty into court; or . . . an order directing payment to the movant of part or all of the reasonable attorneys' fees and other expenses directly resulting from the violation."  Fed. R. Civ. P. 11(c)(4).  Nonmonetary directives may include referral to a disciplinary body.  *See, e.g.*, *Park v. Kim*, 91 F.4th 610, 615–16 (2d Cir. 2024).

The submission of fabricated case law in court filings is serious misconduct.  It forces the opposing party to "waste[] time and money," diverts the Court's time "from other important endeavors," puts the "reputation of judges and courts" at risk, "promotes cynicism about the legal profession and the American judicial system," and may even tempt "a future litigant . . . to defy a judicial ruling by disingenuously claiming doubt about its authenticity."  *Mata*, 678 F. Supp. 3d at 448–49.  Even "where lawyers who cite AI hallucinations"—that is, non-existent cases—"accept responsibility and apologize profusely, much damage is done."  *Johnson v. Dunn*, No. 2:21-cv-1701-AMM, -- F. Supp. 3d --, 2025 WL 2086116, at *11 (N.D. Ala. July 23, 2025);[6] *see also In re Martin*, 670 B.R. at 638 (sanctioning attorneys despite their "remorse and candor").  And serious harm is done even if the fabricated authorities bear some resemblance to the law as set out in real authorities.  *See Johnson*, 2025 WL 2086116, at *16 (noting that whether "actual authorities stand for the proposition that the bogus authorities were offered to support" is "a stroke of pure luck . . . that [does] not remediate the waste and harm"); *Lacey v. State Farm Gen. Ins. Co.*, No. CV 24-5205 FMO, 2025 WL 1363069, at *5 n.6 (C.D. Cal. May 5, 2025) (special master order rejecting offending attorneys' "no-harm, no-foul defense").  Here, though, Plaintiff's counsel have *not* accepted responsibility, and the misconduct is *not* "no-harm, no-foul."  *Lacey*, 2025 WL 1363069, at *5 n.6.  After submitting a complaint and multiple briefs with fabricated citations and being put on notice of these issues, Plaintiff's counsel have persisted in making

---

[6] The court in *Johnson* noted that submitting AI-fabricated citations to a court is "a textbook Rule 11 violation," 2025 WL 2086116, at *17, although it imposed sanctions under its inherent authority, not Rule 11, for reasons not relevant here, *see id.* at *14.

14

false contentions in signed filings, using fabricated quotations to call binding authority into question, and making baseless factual contentions to mislead the Court about the cause and seriousness of the fabrications.

This extensive misconduct warrants meaningful sanctions. *See Mata*, 678 F. Supp. 3d at 448–49 (imposing sanctions on attorneys who "doubled down" regarding fabricated case law); *Saxena v. Martinez-Hernandez*, No. 2:22-cv-02126-CDS-BNW, 2025 WL 1194003, at *2 & n.6 (D. Nev. Apr. 23, 2025) (sanctions appropriate for submission of fabricated cases and "subsequent refusal to accept responsibility for doing so," where litigant called "the accusation [that] he used AI . . . 'completely scandalous and false'" and falsely asserted "that perhaps he 'transcribed incorrectly' some details"); *Allen*, 2025 WL 1744451, at *2 (sanctioning attorney who, "in response to a court order to explain fabricated quotations, included yet another fabricated quotation"). This Court should "do what courts have been doing with increasing frequency: announce loudly and clearly (so that everyone hears and understands) that lawyers blindly relying on generative AI and citing fake cases . . . will be sanctioned." *In re Martin*, 670 B.R. at 638, 649 (imposing sanctions notwithstanding attorneys' "remorse and candor").

Defendant defers to the Court on the appropriate sanctions, but notes that courts have recognized that financial penalties deter future misconduct by the offending attorney and others. In one case, a court sanctioned an attorney $6,000 for filing "briefs containing non-existent AI-generated legal citations on three separate occasions." *Mid Cent. Operating Eng'rs Health & Welfare Fund v. HoosierVac LLC*, No. 2:24-CV-00326-JPH-MJD, 2025 WL 1511211, at *2 (S.D. Ind. May 28, 2025). In another, a court sanctioned an attorney $1,500 for relying on fabricated case law, observing that such a sanction would "serv[e] as an effective deterrent to [the attorney] and other members of the bar." *United States v. Hayes*, 763 F. Supp. 3d 1054, 1073 (E.D. Cal. 2025) (imposing sanction under non-Rule 11 authority because it was a criminal case where Rule 11 did not govern).

Precedent also supports referral of Ms. Wright to the State Bars of Arizona and New Mexico and Ms. Walters to the Florida Bar. *See id.* (referring attorney to the California and

15

D.C. bars for citing fabricated cases); *see also Tonner v. United States*, CV-24-8057-PCT-DJH, slip op. at 1–2 (D. Ariz. Nov. 6, 2024) (Doc. 24) (order directing attorney to provide the State Bar a copy of a brief stricken due to AI fabrications). "[R]eferral to licensing authorities is a bare minimum [sanction] in the light of the primary nature of a lawyer's professional responsibility not to make things up." *Johnson*, 2025 WL 2086116, at *20. In addition to violating Rule 11, Ms. Wright and Ms. Walters have violated the Arizona Rules of Professional Conduct, which apply to any attorney "admitted to practice in this jurisdiction" or who "provides . . . legal services in this jurisdiction." Ariz. R. Sup. Ct. 42, ER 8.5(a). The Rules provide that an attorney "shall not . . . assert or controvert an issue . . . unless there is a good faith basis in law and fact for doing so." Ariz. R. Sup. Ct. 42, ER 3.1. The Rules also provide that an attorney shall not knowingly "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal." Ariz. R. Sup. Ct. 42, ER 3.3(a)(1). Plaintiff's counsel have violated those basic requirements.[7] Courts refer attorneys to disciplinary bodies for far less. *See Park*, 91 F.4th at 615–16 (referring attorney to disciplinary panel for a single AI-fabricated citation).

Referral of Ms. Wright to the State Bar of Arizona is especially appropriate because the State Bar of Arizona has repeatedly disciplined Ms. Wright for misconduct,[8] and she is currently on probation with the Bar. As part of Ms. Wright's most recent sanction, she was ordered to participate in a law office management assistance program and serve a two-year

---

[7] The New Mexico and Florida ethical rules impose the same duties. *See* N.M.R.A. 16-301, 16-303(a)(1) (New Mexico Rules of Professional Conduct); R. Reg. Fla. Bar 4-3.1, 4-3.3(a)(1) (Florida Rules of Professional Conduct).

[8] Ms. Wright was first disciplined by the Bar in January 2022, when it determined that Ms. Wright had accused a judge of personal and racial bias "without a good faith basis in law or fact." Bryant Decl. ¶ 2, Ex. 1 at 2. The Bar admonished Ms. Wright, ordered her to complete ethical training on "Meritorious Claims and Contentions," and placed her on one year of probation, starting in January 2022. *Id.* at 2–3. Three clients later filed complaints against Ms. Wright with the State Bar. *See id.* ¶ 3, Ex. 2 at 4, 16, 21. In August 2024, Ms. Wright agreed to resolve those clients' misconduct allegations, admitting she had "engaged in conduct prejudicial to the administration of justice." *Id.* at 29–30. Among other findings, the Bar found that Ms. Wright "failed to adequately supervise non-lawyer staff or adequately review staff work product before filing it with the court." *Id.* ¶ 4, Ex. 3 at 3–4.

16

term of probation, which began in August 2024 and continues through August 2026. Bryant Decl. ¶ 5, Ex. 4 at 2–3. The judge presiding over Ms. Wright's discipline, the Honorable Margaret H. Downie, expressed concern that this "agreed-upon sanction" was "facially inadequate given the multiple counts and violations, as well as the fact Ms. Wright was on disciplinary probation when some of the misconduct at issue in [the] proceedings occurred." *Id.* ¶ 4, Ex. 3 at 6. In approving the agreement notwithstanding those concerns, Judge Downie specifically noted that the "lenient" sanction was acceptable "particularly because Ms. Wright will serve a two-year term of probation with specified terms, including 'no further violations of the Rules of Professional Conduct.[']" *Id.*

### E. Sanctions Are Alternatively Warranted Under the Court's Inherent Authority

In addition to its authority to impose sanctions in response to a party's Rule 11 motion, the Court separately has inherent authority to sanction Plaintiff's counsel. *See Mata*, 678 F. Supp. 3d at 465 (sanctioning attorneys "under Rule 11 and, alternatively, under the inherent power"). "[A] federal court has the power to . . . discipline attorneys who appear before it," and that "inherent power extends to a full range of litigation abuses." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 46 (1991). Unlike sanctions imposed under Rule 11, which has safe-harbor provisions, sanctions imposed under the Court's inherent authority require a showing of subjective bad faith. *Id.* at 45–46. That requirement is readily met here because Plaintiff's counsel failed to make even a cursory inquiry into the existence of citations and quotations in multiple briefs. Such an "absence of any inquiry supports a finding of bad faith." *Mata*, 678 F. Supp. 3d at 464. Further, Plaintiff's counsel have provided implausible explanations for their use of fake cases and quotations, further supporting a finding of subjective bad faith. *See id.* at 465 (finding bad faith where attorney made the "untruthful assertion" that "ChatGPT was merely a 'supplement' to his research").

## V. CONCLUSION

For these reasons, Defendant respectfully requests that the Court impose appropriate sanctions on Plaintiff's counsel.

| | | |
|---|---|---|
| 1 | DATED:  August 26, 2025 | MUNGER, TOLLES & OLSON LLP |

By: */s/ Malcolm A. Heinicke*
    Malcolm A. Heinicke (*pro hac vice*)
    560 Mission Street, Twenty-Seventh Floor
    San Francisco, California 94105-2907

    Attorneys for Defendant
    Suns Legacy Partners, L.L.C.