**SHEREE D. WRIGHT** (AZ SBN# 035265)
IBF Law Group, PLLC
3101 N. Central Ave, Suite 1250
Phoenix, Arizona 85012
Telephone: (602) 833-1110
Facsimile: (602) 878-3294
E-Mail: sheree@ibflaw.com

**CORTNEY E. WALTERS** (*pro hac vice*)
The Law Office of Cortney E. Walters, PLLC
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020
Telephone: (954) 874-8022
Facsimile: (954) 889-3747
E-Mail: cwalters@cewlawoffice.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chelsea Montes,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Suns Legacy Partners, L.L.C.,<br><br>　　　　Defendant, | Case No.: CV-25-01295-PHX-GMS<br><br>**MOTION FOR LEAVE TO FILE NON-ELECTRONIC EXHIBITS FOR PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**<br>　　(Hon. G. Murray Snow) |

Plaintiff, Chelsea Montes, by and through undersigned counsel, Sheree D. Wright and Cortney Walters, pursuant to Rule 5 of the Federal Rules of Civil Procedure, and hereby respectfully moves this Court for leave to file non-electronic (physical) exhibits in support of her Opposition to Defendant's Rule 11 Motion for Sanctions. These exhibits—comprising video recordings, metadata screen captures, and mobile-device

1

demonstrations—cannot be submitted via CM/ECF due to technical limitations and file incompatibility with the Court's electronic system.

1. The Federal Rules of Civil Procedure recognize that certain documents may be filed non-electronically by delivering them to the clerk or to a judge who agrees to accept them for filing. USCS Fed Rules Civ Proc R 5. While electronic filing is generally required for parties represented by counsel, Rule 5(e)(3)(A) provides that "nonelectronic filing is allowed by the court for good cause or is allowed or required by local rule." USCS Fed Rules Civ Proc R 5.

2. Good cause exists for permitting these exhibits to be filed in non-electronic format for the following reasons:

    a. Plaintiff's Opposition to Defendant's Motion for Sanctions directly responds to the serious and unprecedented allegations made by Defendant regarding the integrity and conduct of Plaintiff's counsel. Defendant asserts, without evidentiary foundation, that Plaintiff's counsel fabricated documents, misrepresented file authorship, and manufactured a personal tragedy to evade responsibility for clerical filing errors. These allegations, which question the very credibility and professional character of undersigned counsel, are among the most severe accusations that can be levied against any officer of the Court.

    b. Given the gravity of Defendant's assertions, and the risk of irreparable reputational harm that would result from allowing these accusations to go

unanswered, Plaintiff's counsel must be permitted to submit concrete, verifiable evidence to establish the truth. The non-electronic exhibits Plaintiff seeks to file are necessary to refute the false narrative that Defendant is promoting and to affirmatively demonstrate that the version of Document 21 referenced throughout the opposition brief was in fact finalized and circulated on June 11, 2025, as stated.

c. These materials—while not uploadable to CM/ECF—are critical to a full and fair adjudication of the pending motion. They include metadata analysis, video screen recordings of file access and version history, and mobile-screen documentation of contemporaneous communications and file transfers. The authenticity and integrity of these exhibits is not only relevant—it is essential.

3. Plaintiff seeks leave to file the following physical exhibits on USB flash drive:

   a. **Exhibit F** – Video screen recording showing download and access of the June 11, 2025, Dropbox draft with metadata consistent with exhibits filed along with Plaintiff's Motion for Leave to Amend (Doc. 36);

   b. **Exhibit H** – Mobile-device screen recording of July 30, 2025, text message communication between Sheree Wright and Shamar Wright, reflecting the file transfer and communication to pull metadata;

   c. **Exhibit J** – Mobile-device screen recording of June 11, 2025, team communication and intended draft distribution;

4. Each of these exhibits is referenced in Plaintiff's Opposition and is integral to

rebutting Defendant's accusations of fabrication and misconduct. Due to file-type restrictions and system limitations under the District of Arizona's CM/ECF procedures, these items must be filed in physical form.

5. The Local Rules of Civil Procedure for the District of Arizona provide procedures for handling non-electronic exhibits.

6. Pursuant to the District of Arizona Administrative Policies and Procedures Manual and Local Rules, Plaintiff will deliver the physical media to the Clerk's Office in Phoenix within 1 days of the Court's approval. All exhibits will be clearly labeled and accompanied by an index. Copies will be served on opposing counsel concurrently.

7. In light of Defendant's repeated attacks on Plaintiff's counsel—both in filings and public statements—and its assertion that Plaintiff submitted "falsified" materials to this Court, it is not only appropriate but necessary that Plaintiff be allowed to submit demonstrative and technical evidence in physical form to preserve the integrity of the record. The stakes here involve not just legal arguments, but professional reputation, compliance with ethical obligations, and the right to defend against character attacks made without basis.

8. Permitting the filing of these physical exhibits will not prejudice any party and will assist the Court in fully understanding the evidence presented in this case.

WHEREFORE, Plaintiff respectfully requests that this Court grant leave to file the above-described physical exhibits in non-electronic format, and for such other and further relief as the Court deems just and proper.

EXECUTED this 5th day of September 2025.

                                                    Respectfully Submitted,

**IBF LAW GROUP, PLLC**

By: */s/ Sheree D. Wright*
3101 N. Central Ave, Suite 1250
Phoenix, Arizona 85012
Telephone: (602) 833-1110
Facsimile: (602) 800-5701
e-Mail: sheree@ibflaw.com

**THE LAW OFFICE OF
CORTNEY E. WALTERS, PLLC**

Cortney E. Walters
By: */s/ Cortney E. Walters*
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020
Telephone: (954) 874-8022
Facsimile: (954) 889-3747
cwalters@cewlawoffice.com

*Attorneys for Plaintiff(s)*