Sheree D. Wright
Chloe R. Woods
IBF Law Group, PLLC
3101 N. Central Ave, Suite 1250
Phoenix, Arizona 85012
Telephone: (602) 833-1110
Facsimile: (602) 800-5701
E-Mail: sheree@ibflaw.com
E-Mail: chloew@ibflaw.com

Cortney E. Walters (*admitted pro hac vice*)
The Law Office of Cortney E. Walters, PLLC
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020
Telephone: (954) 874-8022
Facsimile: (954) 889-3747
cwalters@cewlawoffice.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Chelsea Montes<br><br>      Plaintiff,<br><br>vs.<br><br>Suns Legacy Partners, LLC<br><br>      Defendant. | CASE NO. 2-25-CV-01295-PHX-GMS<br><br>**OPPOSITION TO DEFENDANT'S APPLICATION FOR ATTORNEY'S FEES** |

## I.    INTRODUCTION

Defendant's application for attorney's fees seeks to transform a narrowly tailored sanctions order into a sweeping and disproportionate fee award not grounded in the

OPPOSITION TO DEFENDANT'S APPLICATION FOR ATTORNEY'S FEES - 1

Court's directive or governing law. The Court's Order was clear. Any recoverable fees are limited to those incurred in "discovering the non-existent citations and quotations and briefing the Rule 11 motion for sanctions." (Order, Doc. 73 at 35) That limitation reflects the fundamental principle that Rule 11 sanctions must be narrowly tailored to compensate for harm directly caused by the specific conduct at issue. They are not intended to punish or to create a windfall. Defendant's request of $144,390.18 in attorney's fees cannot be reconciled with that limited purpose.

Defendant's own submission, including its declaration and billing records, shows nearly 150 hours of attorney time, multiple layers of partner-level review, and the involvement of two national law firms billing at rates exceeding $1,600 per hour. Even taking the underlying issue seriously, this level of expenditure is difficult to square with the discrete task identified by the Court, which was verifying citations and preparing a sanctions motion. The excess is not limited to the amount requested. Defendant's submission also reflects an effort to expand the scope of the sanctions proceedings themselves. Rather than focusing on the reasonableness of its fees, Defendant continues to characterize Plaintiff's counsel and revisit issues already decided by the Court. A fee application is not the place for narrative framing. It is a request for compensation that must comply with strict legal limits.

Under well-established law, Defendant bears the burden of demonstrating that its requested fees are reasonable, necessary, and directly caused by the conduct in the Court's order. Defendant has not met that burden. Instead, the record reflects excessive hours,

OPPOSITION TO DEFENDANT'S APPLICATION FOR ATTORNEY'S FEES - 2

duplicative staffing, inflated rates, and inadequately supported billing, all in support of a request that goes far beyond what Rule 11 permits and far exceeds the Court's order. For these reasons, Defendant's application should be denied. At a minimum, it should be substantially reduced to reflect only those fees that are reasonable, necessary, and properly tied to the limited task authorized by the Court.

## II.    LEGAL STANDARD

A fee award under Rule 11 must be causally connected to the sanctionable conduct. Courts in the Ninth Circuit consistently hold that recoverable fees are limited to those that would not have been incurred "but for" the alleged violation. In other words, the moving party may recover only those fees directly resulting from the specific conduct identified by the Court, not fees associated with broader litigation activity or strategic decision-making. See *Xue Lu v. United States*, 921 F.3d 850,860 (9th Cir. 2019)(citing *Goodyear Tire & Rubber Co. v. Haegar*, 581 U.S. 101, 108 (2017)).

In addition, any award must be reasonable in amount, as determined under the lodestar framework. Under this approach, courts calculate a fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart,* 461 U.S. 424 (1983); *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). While the lodestar figure carries a presumption of reasonableness, that presumption applies only where the underlying hours and rates are themselves reasonable. *Id.* The Supreme Court has made clear that courts must exclude from any fee calculation hours that are excessive, redundant, or otherwise unnecessary. *Hensley,* 461 U.S. at 434. The Ninth Circuit has

OPPOSITION TO DEFENDANT'S APPLICATION FOR ATTORNEY'S FEES - 3

likewise emphasized that the fee applicant bears the burden of demonstrating that the hours claimed were reasonably expended and reflect the exercise of sound billing judgment. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

The Court has an independent obligation to review the reasonableness of a fee request. "[D]istrict courts have a duty to ensure that claims for attorneys' fees are reasonable," and that obligation is not satisfied by accepting counsel's characterization of the time expended, but requires an independent evaluation of whether the hours claimed were reasonably necessary. *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018); *Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996). The submission of billing records, standing alone, does not establish that the requested fees are reasonable. Courts must critically evaluate whether the time expended was reasonably necessary to accomplish the task at issue and whether counsel exercised appropriate billing judgment in staffing and performing that work. See *Moreno v. City of Sacramento,* 534 F.3d 1106 (9th Cir. 2008).

These principles apply with particular force in the context of sanctions. A Rule 11 fee award must be limited to those fees directly caused by the conduct identified by the Court and must remain compensatory in nature. It is not intended to punish or to provide a windfall to the moving party. Rather, any award must be narrowly tailored to reflect only those costs reasonably necessary to address the specific conduct at issue. It does not authorize recovery for inefficiencies, duplication of effort, or work that extends beyond the limited task for which sanctions were imposed. *In re Itel Sec. Litig.*, 596 F. Supp. 226,

OPPOSITION TO DEFENDANT'S APPLICATION FOR ATTORNEY'S FEES - 4

234 (N.D. Cal 1984) (Explaining that Rule 11 permits recovery only for expenses necessarily incurred as a result of the misconduct and does not authorize punitive awards).

## III.    DEFENDANT HAS NOT MET ITS BURDEN OF ESTABLISHING THAT ITS REQUESTED FEES ARE REASONABLE

Defendant contends that its requested fees are reasonable because they are supported by billing records and calculated under the lodestar method. That argument assumes the very point Defendant must prove. The lodestar framework does not insulate a fee request from scrutiny. Rather, it requires the Court to examine whether the hours expended and rates charged are themselves reasonable. The burden rests squarely on Defendant to demonstrate that its request reflects the exercise of sound billing judgment and is limited to work reasonably necessary to accomplish the task identified by the Court. The fee applicant bears the burden of documenting the appropriate hours expended and demonstrating that the requested fees are reasonable. *Gonzalez*, 729 F.3d at 1202.

Defendant has not met that burden. Defendant's submission relies primarily on the existence of billing records and the application of a 15 percent reduction to arrive at a total of $144,390.18 in fees. But the submission of invoices, even detailed ones, does not establish reasonableness. Courts are required to conduct an independent review of the time expended and to exclude hours that are excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 434; *Gates*, 987 F.2d at 1397. The Ninth Circuit likewise recognizes that district courts must reduce fee awards for "excessive, redundant, or otherwise unnecessary" hours. *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009); *Welch v. Metropolitan Life Insurance Co.*, 480 F.3d 942, 949 (9th Cir. 2007)( upholding

OPPOSITION TO DEFENDANT'S APPLICATION FOR ATTORNEY'S FEES - 5

reductions for "excessive hours" and duplicative work). Furthermore, the Ninth Circuit emphasizes that the district court has authority to make across-the-board reductions without line-by-line accounting. *Gates*, 987 F.2D at 1399.

Here, Defendant's own billing records reveal substantial inefficiencies. The entries reflect repeated drafting and revision of the same motion, multiple layers of attorney review, and the involvement of more than one law firm on what the Court defined as a discrete task. These features are indicative of overstaffing and duplication, not reasonable necessity. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("The court may reduce the number of hours awarded because the lawyer performed unnecessarily duplicative work…").

Defendant's reliance on a generalized 15 percent reduction does not cure these deficiencies. A blanket reduction cannot substitute for the exercise of billing judgment at the time the work was performed, nor does it address the underlying problem of excessive and duplicative time. The Ninth Circuit permits across-the-board reductions where block billing impairs the Court's ability to determine whether the hours expended were reasonable. Welch, 480 F. 3d 942 (9th Cir. 2007).

Defendant's argument also improperly collapses the lodestar analysis into a single step by assuming that the existence of billing records establishes reasonableness. It does not. The Court must first determine whether the hours expended and rates charged are reasonable. Only then does any presumption of reasonableness attach. Gonzalez, 729 F.3d at 1202. "Although opposing counsel's billing records may be relevant to determining

OPPOSITION TO DEFENDANT'S APPLICATION FOR ATTORNEY'S FEES - 6

whether the prevailing party spent a reasonable number of hours on the case, those records are not dispositive…" Therefore, the district court has the discretion not to rely on them." Id. Here, the billing records reflect substantial time devoted to repeated revisions, multiple layers of review, and the involvement of multiple firms on a discrete task; the Court may not simply defer to the requested lodestar. Rather, it must exercise its discretion to exclude excessive and duplicative time and ensure that any award is limited to what was reasonably necessary to accomplish the task authorized by the Court. In short, Defendant's submission asks the Court to accept its billing judgment at face value. That is not the role of the Court under the lodestar framework. Since Defendant has failed to meet its burden of demonstrating that the hours claimed were reasonable, non-duplicative, and limited to the task authorized by the Court, the requested fee award must be reduced accordingly.

## IV.     THE HOURS CLAIMED ARE EXCESSIVE AND NOT REASONABLY NECESSARY

Defendant seeks compensation for approximately 148 hours of attorney time devoted to verifying citations and preparing a Rule 11 motion. That amount is excessive on its face. Even accepting the seriousness of the issue, this request reflects nearly four full workweeks of attorney time to determine that cited authorities did not exist and to present that issue to the Court. The nature of that task does not reasonably justify the level of effort reflected in Defendant's submission.

Defendant's own billing records confirm that a substantial portion of this time was spent on repeated drafting and revision of the same motion, as well as multiple layers of attorney review. The entries reflect successive rounds of edits and internal review rather

than distinct, necessary work. This type of iterative billing, particularly when performed by multiple attorneys at senior levels, is indicative of inefficiency rather than reasonable necessity. Courts are required to exclude from any fee award hours that are excessive, redundant, or otherwise unnecessary *McCown,* 565 F.3d at 1102. The Ninth circuit has repeatedly held that reductions are appropriate where billing records reflect over lawyering or disproportionate effort relative to the task performed. *Moreno* 534 F.3d at 1112.

Defendant's request also reflects billing at rates ranging from approximately $1,400 to $1,675 per hour for partner-level work. At those rates, Defendant effectively contends that nearly 150 hours of high-level attorney time were reasonably necessary to confirm that cited authorities did not exist and to present that issue to the Court. The nature of that task does not justify that level of expenditure.

The number of hours claimed here far exceeds what would reasonably be required to perform the task identified by the Court. While Defendant was entitled to investigate and present its motion, it was not entitled to do so in an inefficient or unnecessarily resource-intensive manner and then shift those costs to Plaintiff's counsel. The Court is not required to accept the hours claimed at face value. Rather, it must exercise its discretion to ensure that any award reflects only the time reasonably necessary to accomplish the limited task authorized by the Court. Here, the scale of the hours claimed demonstrates that Defendant's billing reflects inefficiency and over lawyering rather than reasonable necessity. A substantial reduction is therefore required.

OPPOSITION TO DEFENDANT'S APPLICATION FOR ATTORNEY'S FEES - 8

## V. DEFENDANT'S STAFFING RESULTED IN DUPLICATION AND INEFFICIENCY

Defendant's fee request is further inflated by its staffing decisions. According to its submission, work on the Rule 11 motion was performed by attorneys from two separate national law firms, including multiple partners. Even if Defendant characterizes this work as sequential, the involvement of multiple firms on a discrete issue inherently results in inefficiencies. Each new group of attorneys must become familiar with the record, review prior work, and independently analyze the same issues. Defendant's billing records reflect precisely this type of duplication. Multiple attorneys, including partners, reviewed and revised the same motion at different stages. This layered review does not reflect distinct, necessary work, but rather overlapping effort that increases cost without adding corresponding value.

Courts routinely reduce fee awards where overstaffing results in duplication or inefficiency. The Ninth Circuit has recognized that a party may not recover for redundant work performed by multiple attorneys where such staffing was not reasonably necessary. *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) ("courts ought to examine with skepticism claims that several lawyers were needed to perform a task … and should deny compensation for such needless duplication"). Defendant's use of multiple firms and multiple senior attorneys may have reflected its preferred litigation strategy, but it does not justify shifting those resulting inefficiencies onto Plaintiff's counsel. Fee awards must reflect what was reasonably necessary, not what was actually

billed. Because Defendant's staffing approach resulted in duplicative work and unnecessary review, a further reduction of the requested fees is warranted.

## VI. DEFENDANT SEEKS FEES OUTSIDE THE SCOPE OF THE COURT'S ORDER

Defendant's request is improper to the extent it includes fees that fall outside the scope of the Court's sanctions order. The Court expressly limited recovery to fees incurred in "discovering the non-existent citations and quotations and briefing the Rule 11 motion." (Doc. 73 at 30). That limitation defines the outer boundary of any permissible fee award. Defendant's own submission confirms that its request extends beyond that boundary. By its own description, Defendant includes time associated with additional filings, "follow-on submissions," and continued disputes related to the issue Such work is not encompassed within the discrete task identified by the Court.

A Rule 11 fee award must be limited to the specific conduct that gave rise to the sanction and does not permit recovery for subsequent litigation activity or continued efforts to expand or revisit the issue. *Goodyear Tire*, 581 U.S. at 101. Defendant cannot enlarge the scope of recoverable fees by characterizing additional work as part of addressing the issue. The relevant inquiry is whether the work falls within the task identified by the Court, not how Defendant describes it after the fact. To the extent Defendant seeks recovery for work related to "follow-on submissions" or ongoing disputes, those fees are not compensable and must be excluded.

///

///

OPPOSITION TO DEFENDANT'S APPLICATION FOR ATTORNEY'S FEES - 10

## VII.    DEFENDANT'S BILLING RECORDS INCLUDE NON-COMPENSABLE AND INADEQUATELY DOCUMENTED WORK

Defendant's billing records further undermine its request because they include work that is not properly compensable and entries that do not permit meaningful review. First, Defendant seeks compensation for tasks that do not warrant attorney-level billing. The billing records reflect work such as reviewing filings, confirming citations, and organizing or "untangling" issues. While such tasks may have been necessary, they are routine in nature and do not require partner-level attention at premium hourly rates. Courts have consistently held that clerical or administrative tasks should not be billed at attorney rates. See *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009).

Second, Defendant's billing records include vague and non-segregated entries that prevent the Court from determining whether the time expended was reasonable or whether it falls within the scope of compensable work. Defendant acknowledges that certain entries could not be segregated and were excluded from its request. That admission underscores a broader problem: the remaining entries continue to reflect mixed billing that combines compensable and non-compensable tasks. Defendant attempts to address this issue through a blanket 15 percent reduction. That approach is insufficient. Courts require billing records that permit meaningful review, and where entries are vague or combine multiple tasks, courts routinely impose reductions. See *Welch*, 480 F.3d 942, 948–49. Since Defendant's billing records do not allow the Court to determine what work was reasonably performed or properly compensable, Defendant has failed to meet its burden.

OPPOSITION TO DEFENDANT'S APPLICATION FOR ATTORNEY'S FEES - 11

## VIII. THE REQUESTED FEES ARE DISPROPORTIONATE AND IMPERMISSIBLY PUNITIVE

Even apart from the specific deficiencies identified above, the overall amount requested confirms that the fee request is not consistent with Rule 11's limited purpose. Rule 11 sanctions must be compensatory in nature and limited to the fees reasonably incurred as a result of the specific conduct at issue. They are not intended to punish or to provide a windfall to the moving party. See *Goodyear Tire*, 581 U.S. 101, 108 (2017).

Defendant seeks more than $144,390 in fees for a discrete issue involving citation verification and motion drafting. When considered in light of the excessive hours, duplicative staffing, work beyond the scope of the Court's order, and billing deficiencies discussed above, the requested amount goes beyond compensation and takes on a punitive character. That is not permissible under Rule 11. A substantial reduction is necessary to ensure that any fee award remains proportionate to the task performed and consistent with Rule 11's compensatory purpose.

## IX. CONCLUSION

Plaintiff respectfully submits that Defendant has failed to meet its burden of establishing that its requested fees are reasonable and within the scope of the Court's order. The billing records reflect excessive hours, duplicative staffing, work outside the limited scope authorized by the Court, and entries that are inadequately documented or non-compensable. Accordingly, Plaintiff respectfully requests that the Court substantially reduce Defendant's requested fee award to ensure that any recovery is limited to

reasonable hours, reasonable rates, and work strictly confined to the scope of the Court's sanctions order.

To the extent the Court determines that some fee award is appropriate, Plaintiff respectfully submits that a significant reduction on the order of at least 75 to 90 percent is warranted in light of the deficiencies identified above. In no event should the award approach the amount requested, which is disproportionate to the task performed and inconsistent with Rule 11's limited, compensatory purpose.

EXECUTED this 28th day of April 2026.

Respectfully Submitted,

**IBF LAW GROUP, PLLC**

Sheree D. Wight
Chloe Woods
By: */s/ Sheree D. Wright*
3101 N. Central Ave, Suite 1250
Phoenix, Arizona 85012
Telephone: (602) 833-1110
Facsimile: (602) 800-5701
e-Mail: sheree@ibflaw.com

**THE LAW OFFICE OF
CORTNEY E. WALTERS, PLLC**

Cortney E. Walters
By: */s/ Cortney E. Walters*
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020
Telephone: (954) 874-8022
Facsimile: (954) 889-3747
cwalters@cewlawoffice.com

*Attorneys for Plaintiff*

OPPOSITION TO DEFENDANT'S APPLICATION FOR ATTORNEY'S FEES - 13