**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Chelsea Montes,

Plaintiff,

v.

Suns Legacy Partners LLC,

Defendant.

No. CV-25-01295-PHX-GMS

**ORDER**

Pending before the Court are Defendant's Motion for Leave to Allow Non-Electronic Filing of Evidence (Doc. 104) and Plaintiff's Motion for Leave to File a Surreply (Doc. 111). Defendant's Motion for Leave to Allow Non-Electronic Filing of Evidence (Doc. 104) is granted. Plaintiff's Motion for Leave to File a Surreply (Doc. 111) is denied.

**DISCUSSION**

**I. Defendant's Motion for Leave to Allow Non-Electronic Filing of Evidence (Doc. 104)**

Defendant moves the Court to permit the non-electronic filing of Exhibits 18-20 of Defendant's Motion for Summary Judgment. Defendant's Motion for Leave to Allow Non-Electronic Filing of Evidence (Doc. 104) is granted.

**II. Plaintiff's Motion for Leave to File a Surreply (Doc. 111)**

Plaintiff moves for leave to file a surreply to Defendant's Motion for Summary Judgment (Doc. 99), seeking "to clarify the procedural posture and scope of Defendant's

characterization of Count VIII, Plaintiff's ACRA sexual harassment claim." (Doc. 111 at 1). Surreplies should only be granted "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Fitzhugh v. Miller*, No. CV-19-04632-PHX-DWL, 2020 WL 1640495, at *9 (D. Ariz. Apr. 2, 2020) (quoting *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. 2005)). "[S]ur-replies are highly disfavored and permitted only in extraordinary circumstances." *Finley v. Maricopa Cty. Sheriff's Office*, 2016 WL 777700, at *1 n.1 (D. Ariz. 2016).

Here, Plaintiff has not demonstrated the extraordinary circumstances required to obtain leave to file a surreply. Defendant's Motion for Summary Judgment claims that Plaintiff's Count VIII fails on the merits and due to a lack of administrative exhaustion. (Doc. 99 at 15–17). Plaintiff's Response to Defendant's Motion for Summary Judgment does not address Defendant's arguments concerning Count VIII. (Doc. 105). Defendant's Reply to their Motion for Summary Judgment does not raise any new matters, but instead highlighted Plaintiff's failure to address Defendant's arguments concerning Count VIII. (Doc. 109 at 12). Plaintiff seeks to file a surreply to clarify how the Court should interpret her failure to respond to Defendant's Count VIII. (Doc. 111). This alleged clarification is not an "extraordinary circumstance" that warrants leave to file a surreply as Defendant did not raise novel arguments in their Reply and Plaintiff could have provided this clarification in their Response. *See*, 2016 WL 777700, at *1 n.1. Therefore, Plaintiff's Motion for Leave to File a Surreply (Doc. 111) is denied.

## CONCLUSION

**IT IS ORDERED** granting Defendant's Motion for Leave to Allow Non-Electronic Filing of Evidence (Doc. 104). Defendant may file Exhibits 18-20 non-electronically by complying with the Court's Electronic Case Filing Administrative Policies and Procedures Manual, Section N(2)(a)and(b) when submitting their exhibits that are not convertible to electronic form and shall cite to this Order when filing the exhibits.[1]

---

[1] https://www.azd.uscourts.gov/sites/azd/files/adm%20manual.pdf

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Leave to File a Surreply (Doc. 111).

Dated this 4th day of November, 2026.

G. Murray Snow
Senior United States District Judge